STATE OF NEBRASKA, APPELLEE, V. RANDY C. PORTSCHE, APPELLANT.

448 N.W.2d 173

Filed November 22, 1989.  No. 89-154.

James H. Hoppe, of Watkins, Scott, Hoppe, for appellant.

Robert M. Spire, Attorney General, and Alfonza Whitaker for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an appeal from an order denying postconviction relief by the district court for Lancaster County.

A single ground was urged in the district court and is again asserted in this court, i.e., the appellant was denied effective assistance of counsel when retained counsel failed to timely file a notice of appeal to the Supreme Court after the district court imposed a sentence on August 22, 1988. The trial court, after a hearing, denied any relief. We affirm.

Appellant pled guilty to a violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1988), operation of a motor vehicle while

the operator's license was suspended for 15 years, a Class IV felony. As part of a plea bargain a number of misdemeanor charges were dismissed, the record indicating at least three. The court sentenced appellant to a term of from 12 to 18 months in the penal complex, with credit for 9 days' jail time.

No complaint was made in the district court or this court about any deficiency in the performance of counsel. The appellant, however, asserts that he was "shocked" by the sentence.

At the postconviction hearing, appellant asserted that retained counsel promised to timely file a notice of appeal, but did not do so. However, he conceded that at a later meeting retained counsel stated that an appeal would be frivolous and that he would not represent appellant on appeal.

Trial counsel also testified that he informed appellant that he would not represent him on appeal, that in his opinion an appeal was frivolous, and that he was never instructed, nor did he promise, to file an appeal. He further instructed appellant, should he determine to appeal, how to address the court for appointment of counsel on appeal, proceeding in forma pauperis, and about the necessity of filing the notice of appeal within 30 days of the date of sentence.

The trial court resolved the factual dispute against the appellant, and this alone requires an affirmance, as we are bound by the factual findings in a postconviction proceeding having support in the record. *State v. Wiley*, 232 Neb. 642, 441 N.W.2d 629 (1989). It should also be noted that a sentence within the bounds of the statute will not be disturbed on appeal absent an abuse of discretion. *State v. Kitt*, 232 Neb. 237, 440 N.W.2d 234 (1989).

As the only error that could have been raised on appeal was the alleged excessiveness of the sentence, and considering the extensive history of driving offenses (at least 28 contacts), it is obvious that appellant cannot demonstrate that any prejudice was suffered by any alleged claim of incompetent counsel. See *State v. Broomhall*, 227 Neb. 341, 417 N.W.2d 349 (1988).

The trial court correctly denied the appellant's claim for postconviction relief.

AFFIRMED.