THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ROBERT GOODBRAKE, Defendant-Appellant.

Fifth District   No. 5—92—0519

Opinion filed January 28, 1994.

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William Haine, State's Attorney, of Edwardsville (Norbert J. Goetten, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LEWIS delivered the opinion of the court:
Defendant appeals from the denial of his motion to reduce his sentence, raising two issues on appeal: (1) whether the trial court erred in sentencing defendant where the record is not accurate as to the history of defendant's criminality as required under section 5—3—1 of

the Unified Code of Corrections (Ill. Rev. Stat. 1991, ch. 38, par. 1005—3—1); and (2) whether the trial court erred in deciding that it had no authority to reduce a negotiated sentence.

Defendant was originally charged by indictment on September 13, 1990, with two counts of first-degree murder. An amended information was filed on October 16, 1991, charging defendant with one count of first-degree murder, one count of second-degree murder, and unlawful possession of weapons by a felon. On October 22, 1991, defendant pled guilty in a negotiated plea to second-degree murder and unlawful possession of a weapon by a felon, and the first-degree murder charge was dismissed. The trial judge sentenced the defendant to consecutive terms of 15 years' imprisonment for second-degree murder and three years' imprisonment for unlawful possession of a weapon by a felon. On November 13, 1991, defendant filed a motion to reduce his sentence, which was denied by an order filed on January 30, 1992, from which defendant appeals.

■ Defendant first complains that the trial court did not have an accurate history of his criminality as required by section 5—3—1 of the Unified Code of Corrections, which states as follows:

"A defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court.

However, the court need not order a presentence report of investigation where both parties agree to the imposition of a specific sentence, provided there is a finding made for the record as to the defendant's history of delinquency or criminality, including any previous sentence to a term of probation, periodic imprisonment, conditional discharge, or imprisonment." (Ill. Rev. Stat. 1991, ch. 38, par. 1005—3—1.)

The record reveals the following exchange during the negotiated plea as to the defendant's prior record:

"THE COURT: Criminal history for the record?

MR. JENSEN: The defendant has two prior convictions for Burglary, one dated 1974 and one dated 1975.

MR. WEITZMAN: Judge, we disagree with the 1975 Burglary conviction. I believe that was actually his brother. My client advised me that he has only a single Burglary conviction. We do not know, whether that is accurate or not, would impact—

THE COURT: What was the sentence on the Burglary?

DEFENDANT GOODBRAKE: Oh, it was one to three, I'm sorry.

THE COURT: Okay. Anything you wish to say before the Court pronounces sentence?

DEFENDANT GOODBRAKE: No. sir."

Defendant argues that since the trial judge did not have an accurate record of defendant's criminal history, a presentence report was required to be prepared and considered under the first part of section 5—3—1. The harm, according to the defendant, arises from the trial judge's considering that defendant had two convictions of burglary rather than one conviction. The defendant never explains how two burglary convictions as opposed to one burglary conviction could have changed the sentence under a negotiated plea.

The record is clear that the trial judge only considered the burglary conviction in 1974, because he did not ask what the sentence was on the 1975 burglary conviction. The defendant was charged and pled guilty to unlawful possession of a weapon by a felon, which arose in part from the prior May 15, 1974, burglary conviction that was set forth in count III of the information. The trial judge advised the defendant of this charge in detail, and he inquired as to the sentence. The trial judge never asked a question about or mentioned a 1975 burglary. We cannot infer from the trial judge's silence that he considered the 1975 burglary.

The sentence is not void as defendant contends. Defendant cites *In re T.E.* (1981), 85 Ill. 2d 326, 423 N.E.2d 910, for the proposition that a sentence is void if a written presentence report is not considered by the sentencing judge. However, *In re T.E.* does not stand for the proposition advanced by the defendant; rather, *In re T.E.* merely holds that the trial court cannot sentence a juvenile to a longer period of incarceration than the time permitted by statute. (*In re T.E.* (1981), 85 Ill. 2d 326, 423 N.E.2d 910.) The judge did not sentence the defendant in the case at bar to more than the statutory limits.

In fact, defendant never shows any prejudice that may have resulted from the possible consideration by the trial judge of the 1975 burglary, since the trial judge merely imposed the sentence agreed to by the parties. It is true that the sentencing judge must exercise care to ensure the accuracy of information considered. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344.) It is also necessary for defendant to show some prejudice to himself from what, at best, could only be said to be a minor, technical violation of the statute. *People v. Peacock* (1982), 109 Ill. App. 3d 684, 440 N.E.2d 1260.

■ Defendant also complains that the trial judge erred in dismissing his motion to reduce sentence on the grounds that the trial judge had no authority to reduce the sentence after accepting a negotiated

plea. Defendant maintains that the phrase "the court shall thereafter decide such motion within a reasonable time," contained in section 5—8—1(c) of the Unified Code of Corrections, makes it mandatory upon a trial judge to consider the merits of a motion to reduce sentence. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(c).) The reasoning of defendant is that, in *People v. Wallace* (1991), 143 Ill. 2d 59, 570 N.E.2d 334, our supreme court held that after a plea of guilty, a defendant must file a written motion to reconsider the sentence prior to filing an appeal before the sentence can be reviewed on appeal. In the case at bar, the defendant did file a motion to reconsider; hence, defendant contends, the trial court was required to decide the merits of the motion and we are required to review the trial court's decision.

We first note that the trial judge did conduct a hearing on the motion and specifically stated that he took into consideration the arguments of Mr. Goodbrake. The trial judge then denied such, stating that he had no authority to reduce a negotiated sentence. Considering the motion to reduce the sentence, the affidavit of the defendant, and the argument of the defendant, the trial judge was correct in saying that he had no authority to reduce the sentence. The defendant did not give one good reason for the reduction of his sentence.

Moreover, the mandatory phrase "shall thereafter decide such motion within a reasonable time," contained in section 5—8—1(c), is concerned with requiring the judge to act diligently in deciding the motion and not with how the judge should decide the motion or whether the judge should exercise his discretion in modifying or reducing the sentence.

We also note that it is not clear in *Wallace* as to whether the plea of guilty was an open plea or was negotiated. From our reading of *Wallace*, it appears that the plea was an open plea, as the court never states that it was a negotiated plea. (*People v. Wallace* (1991), 143 Ill. 2d 59, 570 N.E.2d 334.) If it was an open plea, then *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, requires that a motion to reconsider be filed before this court can review the sentence. Defendant asserts that *Wilk* and *Wallace* would be rendered meaningless if a defendant could not appeal the sentence under a negotiated plea. This is not true, as defendant can appeal from any sentence which the sentencing judge used his discretion to impose or any sentence beyond the time limits permitted by statute.

The plea in the case *sub judice* was not an open plea. It was a bargain entered into by and between the parties and accepted by the court. It would not only be fundamentally unfair to the People of the State of Illinois to allow defendant to renege on his bargain but it

would also impede, if not abrogate, the settlement of criminal cases by negotiated pleas. As this court pointed out in *People v. Beller* (1977), 54 Ill. App. 3d 1053, 370 N.E.2d 575:

"This argument is without merit and not worthy of extended comment. First, defendant's pleas were negotiated and the sentences were bargained for. He got the benefit of his bargain and cannot now be heard to repudiate it on these grounds." (*Beller*, 54 Ill. App. 3d at 1063, 370 N.E.2d at 582.)

If the defendant wishes to renege on his bargain, then it is only fair to require the defendant to file a motion to withdraw his plea of guilty and to show good cause for the granting of relief, so that the parties can be placed in status quo.

For the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

GOLDENHERSH and MAAG, JJ., concur.