THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KRISTOFFER WENDT, Defendant-Appellant.

Second District No. 2—94—1384

Opinion filed September 25, 1996.

948

G. Joseph Weller and Paul Alexander Rogers, both of State Appellate Defender's Office, of Elgin, for appellant.

Gary W. Pack, State's Attorney, of Woodstock (William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McLAREN delivered the opinion of the court:

The defendant, Kristoffer Wendt, appeals the circuit court's order dismissing without an evidentiary hearing his post-conviction petition (see 725 ILCS 5/122—2.1 (West 1994)). The defendant contends that he was denied the effective assistance of counsel when his trial attorney failed to move to reconsider the sentence although the defendant requested that he do so. We affirm.

An indictment originally charged the defendant with first-degree murder (720 ILCS 5/9—1(a)(2) (West 1994)). Extensive pretrial proceedings ensued, including a Supreme Court Rule 402 conference (134 Ill. 2d R. 402) at which no court reporter was present. Thereafter, the defendant entered a negotiated guilty plea to one count of second-degree murder (720 ILCS 5/9—2(a)(1) (West 1994)) and one

count of aggravated battery (720 ILCS 5/12—4(b)(8) (West 1994)). In exchange for the plea, the State agreed to nol-pros the first-degree murder charge and recommend an extended-term sentence of 22 years for murder, with a concurrent two-year term for aggravated battery.

After hearing the factual basis, the court accepted defendant's plea. The court requested the respective attorneys to state briefly any relevant aggravating or mitigating factors. However, the court heard no formal testimony and no presentence report was prepared. Following the attorneys' statements, the court imposed the agreed-upon sentences. The defendant filed neither a post-plea motion nor a notice of appeal.

The defendant filed a *pro se* petition pursuant to the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West 1994)) alleging that (1) the defendant was denied the effective assistance of counsel where counsel failed to file a requested motion to reduce the sentence; (2) the extended-term sentence for second-degree murder was unjustified; and (3) the defendant pleaded guilty only because his lawyers "scared" him into it by telling him he would receive a sentence of at least 30 years if he went to trial. The court dismissed the petition as patently without merit (725 ILCS 5/122—2.1(a)(2) (West 1994)), and the defendant appeals.

On appeal, the defendant argues only the first point raised in his petition: that he was denied the effective assistance of counsel when his attorney failed to accede to his request to file a motion to reconsider the sentence. The defendant contends that his petition adequately states the gist of a constitutional violation and that, because he was effectively denied his right to an appeal, he need not establish prejudice resulting from his counsel's neglect.

■ The Act provides a remedy to criminal defendants who claim substantial violations of their constitutional rights during trial court proceedings. *People v. Eddmonds*, 143 Ill. 2d 501, 510 (1991); *People v. Lemons*, 242 Ill. App. 3d 941, 943 (1993). A post-conviction petition is not an appeal, but a collateral attack upon a final judgment. *Eddmonds*, 143 Ill. 2d at 510. The purpose of such a proceeding is not to determine guilt or innocence, but to inquire into constitutional issues that have not been, and could not have been, previously adjudicated. *People v. Gaines*, 105 Ill. 2d 79, 87 (1984). In a post-conviction proceeding, the petitioner bears the burden of proving that a substantial constitutional violation occurred. *Eddmonds*, 143 Ill. 2d at 510; *People v. Griffin*, 109 Ill. 2d 293, 303 (1985).

In addition, section 122—2.1 of the Act permits a trial court to dismiss without an evidentiary hearing a petition that is frivolous or

patently lacks merit. 725 ILCS 5/122—2.1(a)(2) (West 1994); *Lemons*, 242 Ill. App. 3d at 944. A post-conviction petitioner is entitled to an evidentiary hearing only if he makes a substantial showing of a constitutional violation and the allegations are supported by the record, affidavits, or some other evidence. *People v. Del Vecchio*, 129 Ill. 2d 265, 279 (1989); *People v. Hickox*, 229 Ill. App. 3d 454, 456 (1992).

"A 'gist of a meritorious claim' is not a bare allegation of a deprivation of a constitutional right. Although a *pro se* defendant seeking post-conviction relief would not be expected to construct legal arguments, cite legal authority, or draft her petition as artfully as would counsel, the *pro se* defendant must still plead sufficient *facts* from which the trial court could find a valid claim of deprivation of a constitutional right." (Emphasis in original.) *Lemons*, 242 Ill. App. 3d at 946, citing *People v. Porter*, 122 Ill. 2d 64, 74 (1988).

■ Generally, a claim of ineffective assistance of counsel requires that the defendant establish two elements: (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068 (1984). However, if the defendant is unable to establish the second prong of the test, *i.e.*, sufficient prejudice, we need not consider the first prong of the test, *i.e.*, the reasonableness of the attorney's conduct. *Strickland*, 466 U.S. at 697, 80 L. Ed. 2d at 699, 104 S. Ct. at 2069; *Eddmonds*, 143 Ill. 2d at 512.

The issue in this case is whether a defendant who agrees to a specified sentence pursuant to a plea agreement may base a claim of ineffective assistance of counsel on counsel's failure to request a reduction of the sentence, without alleging any basis for such a challenge. In other words, is the prejudice prong of the *Strickland* test (466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052) established where a defendant is denied his right to challenge a sentence to which he specifically agreed?

■ A defendant who wishes to challenge his sentence following a guilty plea must comply with the requirements of Rule 604(d) (145 Ill. 2d R. 604(d)), although he is not required to seek withdrawal of the plea. *People v. Wallace*, 143 Ill. 2d 59, 60-61 (1991). Thus, to preserve his right to appeal, the defendant must file a motion to reconsider his sentence in the trial court. 145 Ill. 2d R. 604(d).

However, a defendant may not challenge an agreed sentence where the trial court exercised no discretion in imposing the sentence. *People v. Soles*, 226 Ill. App. 3d 944, 946-47 (1992); see also

*People v. Goodbrake*, 255 Ill. App. 3d 833, 837 (5th Dist. 1994); *People v. Terneus*, 239 Ill. App. 3d 669, 674 (4th Dist. 1992); *People v. Beller*, 54 Ill. App. 3d 1053, 1063 (5th Dist. 1977), *aff'd*, 74 Ill. 2d 514 (1979). The Appellate Court, Fifth District, and the Appellate Court, Fourth District, have expressly held that a defendant who agrees to accept a specific sentence as part of a negotiated plea may not challenge the length of that sentence. *Goodbrake*, 255 Ill. App. 3d at 837; *Terneus*, 239 Ill. App. 3d at 669; see also *Beller*, 54 Ill. App. 3d at 1063, *aff'd*, 74 Ill. 2d 514 (1979). While this court has never explicitly adopted the reasoning of *Goodbrake* and *Terneus*, in *People v. Soles*, 226 Ill. App. 3d 944, 946-47 (1992), we held that a defendant who agreed to plead guilty in exchange for a sentence cap of 20 years was entitled to file a motion to reduce his sentence. We reasoned that by agreeing to a 20-year cap, the defendant only "agreed to accept any sentence *** if the trial court properly exercised its discretion in imposing it." *Soles*, 226 Ill. App. 3d at 947. Thus, it is at least a fair inference from *Soles* that, if a trial court exercises no discretion in imposing the sentence, a defendant may not challenge it.

■ Here, the trial court did not exercise its discretion in any meaningful sense. The court imposed the sentences upon which the parties had agreed, after hearing brief statements from counsel regarding aggravation and mitigation. However, the court did not hear any evidence in aggravation or mitigation and did not order a presentence report. Therefore, we determine that the defendant was unable to challenge the sentence.

■ In addition, we agree with *Goodbrake* and *Terneus* to the extent that the cases hold that a defendant may not challenge the sentence to which he explicitly agreed, absent some structural defect in the proceedings. On appeal, the defendant does not argue that such a defect existed. He does not argue, for example, that the sentence is beyond that statutorily authorized or that he was tricked or coerced into accepting the sentence. *Cf. Goodbrake*, 255 Ill. App. 3d at 836 ("The defendant did not give one good reason for the reduction of his sentence"). Accordingly, under *Goodbrake* and *Terneus*, the defendant was not able to challenge his sentence.

■ As *Goodbrake* pointed out, a negotiated guilty plea is really a bargain, or contract, between the defendant and the State. *Goodbrake*, 255 Ill. App. 3d at 836. Plea bargains are in many ways subject to contract principles. See *People v. Starks*, 106 Ill. 2d 441, 448-49 (1985). The prosecution must honor the terms of agreements it makes with defendants. *Starks*, 106 Ill. 2d at 449. To permit a defendant to agree to a particular sentence, then later claim that the sentence is excessive, would render the defendant's obligation under the contract

wholly illusory. The State would not be permitted to recommend anything longer than the agreed-upon sentence, but the defendant would remain free to argue for a shorter sentence. For this reason, *Goodbrake* concluded that a defendant who wishes to renege on his bargain should be required to file a motion to withdraw the plea. *Goodbrake*, 255 Ill. App. 3d at 837.

The defendant contends, however, that *Goodbrake*'s reasoning has been rejected by the supreme court. He notes that the Appellate Court, Fifth District, applied and expanded upon the rationale of *Goodbrake* in *People v. Maltimore*, 268 Ill. App. 3d 532 (1994). The supreme court, in a supervisory order, vacated the appellate court opinion in that case. *People v. Maltimore*, 161 Ill. 2d 535 (1995). The defendant contends that this evidences the supreme court's repudiation of *Goodbrake*. We disagree.

A critical distinction exists between *Goodbrake* and *Maltimore*. In the latter case, the appellate court took *Goodbrake* one step further, holding that the trial court was not required to appoint counsel for an indigent defendant who wanted to file a motion to reduce the sentences imposed pursuant to negotiated pleas. *Maltimore*, 268 Ill. App. 3d at 534. The supreme court vacated the appellate court's opinion and remanded the cause to the trial court so that the defendant could file a motion to reduce the sentence. *Maltimore*, 161 Ill. 2d 535. The supreme court's order does not explain the reasons for vacating the appellate court's opinion. However, we do not view the supreme court's action as a repudiation of *Goodbrake* and *Terneus*. It may be, for example, that a defendant actually has grounds to withdraw his plea, but needs the assistance of counsel to make this determination. See *People v. Velasco*, 197 Ill. App. 3d 589, 591 (1990). Here, the defendant, who has the burden to establish a constitutional violation, does not allege that he was not permitted to consult with counsel and has not given any indication that he has a valid basis to withdraw his plea.

In addition, the cases on which the defendant relies are distinguishable. In *People v. Swanson*, 276 Ill. App. 3d 130 (1995), there is no indication that the defendant agreed to accept a particular sentence under a plea agreement. Thus, under *Soles*, the defendant had a presumptive right to challenge the court's discretion in imposing the sentence. In *People v. Moore*, 236 Ill. App. 3d 990 (1992), the defendant properly filed a motion to reconsider his sentence, but the trial court refused to hear it. Citing *Soles*, this court merely held that the trial court was required to hold a hearing on a properly filed motion. *Moore*, 236 Ill. App. 3d at 992-93. Moreover, as in *Swanson*, it does not appear that the defendant agreed to a particular sentence as a condition of his plea.

■ The defendant makes two additional arguments which require minimal discussion. He contends that the trial court did not actually concur in the parties' plea agreement and, therefore, a binding agreement as to the sentence never existed. See 134 Ill. 2d R. 402(d)(3). He contends that, if the agreement was not binding on either party, he is not prohibited from challenging his sentence. The record does not support the defendant's contention.

Two days before the defendant entered his plea, the trial court held a Supreme Court Rule 402 conference (134 Ill. 2d R. 402(d)(2)). Immediately after the conference, defense counsel announced that the defendant would accept "the Judge's recommendations." At the guilty plea hearing, the court proceeded to impose the exact sentence upon which the parties agreed. Although the trial judge apparently never pronounced the magic words that she concurred in the plea agreement, the record clearly establishes that she did. Thus, the agreement was equally binding on both parties.

■ We also reject the defendant's contention that "[c]oncerns about the integrity of the plea bargaining process" are not implicated by permitting him to challenge his agreed-upon sentence because the State can protect itself by inserting a provision that the defendant will not challenge the sentence. Such a provision is unnecessary. As noted, a plea agreement is essentially a contract between the parties. *Goodbrake*, 255 Ill. App. 3d at 836-37. Parties to a contract are not required to insert provisions specifically prohibiting either party from breaching the contract. The law presumes that no one enters into a contract with the intention of breaching it. A contract permitting one party to breach would in fact be illusory and would be void for failure of consideration. See generally 3 R. Lord, Williston on Contracts § 7:7 (4th ed. 1992). We conclude that a defendant who agrees to a specific sentence as a condition of a guilty plea may not challenge that sentence absent some defect in the proceedings. Because the defendant's petition, in the case at bar, does not allege any specific basis for the reduction of his sentence, he was unable to challenge his sentence before the trial court. Thus, the defendant is now unable to establish sufficient prejudice. Accordingly, the defendant's ineffective assistance of counsel claim fails. *Strickland*, 466 U.S. at 697, 80 L. Ed. 2d at 699, 104 S. Ct. at 2069; *Eddmonds*, 143 Ill. 2d at 512.

■ The defendant argues that he does not need to establish prejudice. He states that a motion to reconsider a sentence is a jurisdictional prerequisite to maintaining an appeal. See 145 Ill. 2d R. 604(d). Thus, where a criminal defendant has been deprived of his right to appeal because of his attorney's negligence, prejudice is presumed.

Therefore, the defendant concludes, he did not need to specify which arguments he would have raised had the appeal been perfected. We are not persuaded by this argument.

It is well established that a defendant who has been deprived of his right to appeal by counsel's failure to file a Rule 604(d) motion must establish prejudice by alleging a valid basis for such a motion. In *People v. Wilk*, 124 Ill. 2d 93 (1988), our supreme court applied *Strickland* where the defendants' appeals were dismissed by the appellate court because their attorneys failed to file motions pursuant to Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) to withdraw their guilty pleas prior to filing the appeals. The Illinois Supreme Court declined to reinstate the appeals, holding that the Act provided the appropriate remedy. *Wilk*, 124 Ill. 2d at 107. The court assumed that the failure to preserve the defendants' appeal rights might constitute ineffective assistance of counsel and considered what a defendant would have to allege to state grounds for relief under the Act. The court stated:

> "[I]n a post-conviction petition, the defendant *pro se* needs only to allege a violation of his sixth amendment right to effective assistance of counsel, due to the attorney's failure to preserve appeal rights, *and allege whatever grounds he or she would have had to withdraw his or her plea* of guilty had a proper motion to withdraw been filed by defendant's counsel prior to the filing of a notice of appeal. At the hearing on the post-conviction petition, the two-pronged test laid down in *Strickland v. Washington* will apply to determine if in fact the defendant has been deprived of effective assistance of counsel." (Emphasis added.) *Wilk*, 124 Ill. 2d at 107-08.

The defendant acknowledges *Wilk*'s holding that a defendant who has been deprived of his right to appeal by counsel's failure to file a Rule 604(d) motion must establish prejudice by alleging a valid basis for such a motion. The defendant argues, however, that *Wilk* has been effectively overruled.

The defendant notes that two justices partially dissented in *Wilk*, arguing that prejudice should be presumed when counsel incompetently fails to perfect an appeal. *Wilk*, 124 Ill. 2d at 115 (Clark, J., concurring in part and dissenting in part, joined by Stamos, J.). The defendant contends that the "dissenters' position was adopted two years later" in *People v. Moore*, 133 Ill. 2d 331 (1990). In *Moore*, relying on two United States Supreme Court decisions, the court held that a defendant seeking post-conviction relief for lost appeal rights need not specify the points he would have raised if his appeal were to be reinstated. *Moore*, 133 Ill. 2d at 338. The *Moore* court relied on

*Evitts v. Lucey*, 469 U.S. 387, 83 L. Ed. 2d 821, 105 S. Ct. 830 (1985), and *Penson v. Ohio*, 488 U.S. 75, 102 L. Ed. 2d 300, 109 S. Ct. 346 (1988), for the proposition that due process rights are implicated where an attorney's incompetence deprives a defendant of his right to appeal. *Moore* stated:

"[I]t would appear that a criminal defendant must at some point be afforded the equivalent of direct review and an appellate advocate; a court cannot deny a defendant an attorney-assisted appeal by examining the record and determining that defendant would not have succeeded on appeal in any event." *Moore*, 133 Ill. 2d at 339, citing *Penson*, 488 U.S. at 86, 102 L. Ed. 2d at 312-14, 109 S. Ct. at 352-54.

Contrary to the defendant's suggestion, we do not believe that the *Moore* court intended to overrule *Wilk*. *Moore* does not purport to overrule *Wilk* and, in fact, cites it with approval. Rather, we believe the two cases can be harmonized.

At one point, *Moore* quotes from *Rodriquez v. United States*, 395 U.S. 327, 23 L. Ed. 2d 340, 89 S. Ct. 1715 (1969), which sanctioned the use of a post-conviction attack by a defendant seeking relief for the loss of appellate rights, but determined that he need not specify the points he would have raised if his appeal were reinstated. After citing *Rodriquez*, *Moore* includes the citation, "*Cf. People v. Wilk* (1988), 124 Ill. 2d 93, 107-08, 112-13." *Moore*, 133 Ill. 2d at 338. The signal *cf.* "[d]irects the reader's attention to another *** case, etc., where contrasted, analogous, or explanatory views or statements may be found." Black's Law Dictionary 229 (6th ed. 1990). A Uniform System of Citation provides that cited authority following the *cf.* signal "*supports a proposition different from the main proposition but sufficiently analogous to lend support.*" (Emphasis in original). The Bluebook: A Uniform System of Citation § 1.2(a), at 23 (15th ed. 1991). The citation of *Wilk* and the use of the *cf.* signal indicate that *Wilk* stands for a slightly different but analogous proposition from *Moore*.

The obvious distinction between *Wilk* and *Moore* is that the former applies to defendants who seek to appeal following guilty plea proceedings while the latter applies to those convicted following a trial, as was the case in *Moore*. The reason for such a distinction is also readily apparent: a defendant who pleads guilty simply does not have the same right to an automatic appeal as a defendant convicted after trial (see Ill. Const. 1970, art. 6, § 6). This distinction is embodied in Rule 604(d), which requires a defendant who seeks to appeal from a conviction following a guilty plea first to file a motion in the trial court that "shall state the grounds therefor." 145 Ill. 2d R. 604(d).

A guilty plea represents a break in the chain of events that has

preceded it. Therefore, after pleading guilty, a defendant generally may not raise claims of the deprivation of constitutional rights occurring prior to the entry of the plea. See *Tollett v. Henderson*, 411 U.S. 258, 267, 36 L. Ed. 2d 235, 243, 93 S. Ct. 1602, 1608 (1973); 2 W. LaFave & J. Israel, Criminal Procedure § 20.6 (1984); see generally S. Saltzburg, *Pleas of Guilty and the Loss of Constitutional Rights: The Current Price of Pleading Guilty*, 76 Mich. L. Rev. 1265 (1978) (discussing which rights may still be asserted following a guilty plea). With certain exceptions, a defendant who has pleaded guilty is limited to structural challenges to the plea proceedings themselves, *i.e.*, whether the plea was entered voluntarily and intelligently based on competent advice from counsel. *Tollett*, 411 U.S. at 267, 36 L. Ed. 2d at 243, 93 S. Ct. at 1608.

In *Hill v. Lockhart*, 474 U.S. 52, 57-58, 88 L. Ed. 2d 203, 209-10, 106 S. Ct. 366, 369 (1985), the Supreme Court held that the prejudice prong of *Strickland* applies to defendants who seek to challenge the validity of their guilty pleas on the ground of ineffective assistance of counsel. Although *Hill* did not deal with the issue of lost appeal rights, we see no reason why a different standard should apply to the failure to file a motion to reconsider the sentence than to other aspects of the guilty plea proceedings. The Nebraska Supreme Court, without extended discussion, applied a prejudice test to a defendant's claim that counsel failed to file a motion to reconsider his sentence after defendant pleaded guilty. *State v. Portsche*, 233 Neb. 839, 840, 448 N.W.2d 173, 174 (1989).

It would be anomalous to hold that a defendant whose counsel fails to comply with the post-plea motion requirement is in a better position than one whose attorney scrupulously follows the rules. A defendant who files a Rule 604(d) motion to withdraw his plea or reconsider his sentence must allege grounds for such a motion. 145 Ill. 2d R. 604(d). The defendant, however, contends that he is entitled to a hearing on his motion to reconsider the sentence without alleging any grounds for relief. Nothing in the cases discussed above mandates such a result. We think that *Wilk* is still good law and mandates that a defendant who pleads guilty and alleges the loss of his appeal rights because counsel failed to file a motion to reconsider the sentence must specify what issues he would have raised had such a motion been filed.

The defendant has the burden to establish a violation of his constitutional rights. Here, he alleges merely that he wanted to file a motion to reconsider his sentence but his counsel failed to do so. The defendant does not allege any grounds to disturb the sentence or to withdraw his plea. The defendant does not allege that he was

deprived of an opportunity to consult with counsel to determine whether such grounds existed. For all that appears, it may be that counsel declined to file the motion because he judged that it would not succeed. See *Gross v. State*, 338 N.E.2d 663, 666 (Ind. App. 1975) ("Defense counsel may have considered any such motion a useless act"). Since the defendant did not allege any prejudice resulting from counsel's failure to file the motion, the trial court properly dismissed his petition as frivolous and patently without merit.

The judgment of the circuit court is affirmed.

Affirmed.

INGLIS and THOMAS, JJ., concur.