No. 2--94--1384

________________________________________________________________

                                     

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE               )  Appeal from the Circuit Court

OF ILLINOIS,                          )  of McHenry County.

                                      )

     Plaintiff-Appellee,              )  No. 93--CF--1012

                                     )

v.                                    )

                                      )

KRISTOFFER WENDT,                     )  Honorable

                                      )  Susan F. Hutchinson,

     Defendant-Appellant.             )  Judge, Presiding.

________________________________________________________________

     PRESIDING JUSTICE McLAREN delivered the opinion of the court: 

     The defendant, Kristoffer Wendt, appeals the circuit court's

order dismissing without an evidentiary hearing his post-conviction

petition (see 725 ILCS 5/122--2.1 (West 1994)).  The defendant

contends that he was denied the effective assistance of counsel

when his trial attorney failed to move to reconsider the sentence

although the defendant requested that he do so.  We affirm.

     An indictment originally charged the defendant with first-

degree murder (720 ILCS 5/9--1(a)(2) (West 1994)).  Extensive

pretrial proceedings ensued, including a Supreme Court Rule 402

conference (134 Ill. 2d R. 402) at which no court reporter was

present.  Thereafter, the defendant entered a negotiated guilty

plea to one count of second-degree murder (720 ILCS 5/9--2(a)(1)

(West 1994)) and one count of aggravated battery (720 ILCS 5/12--

4(b)(8) (West 1994)).  In exchange for the plea, the State agreed

to nol-pros the first-degree murder charge and recommend an

extended-term sentence of 22 years for murder, with a concurrent

two-year term for aggravated battery.

     After hearing the factual basis, the court accepted

defendant's plea.  The court requested the respective attorneys to

state briefly any relevant aggravating or mitigating factors. 

However, the court heard no formal testimony and no presentence

report was prepared.  Following the attorneys' statements, the

court imposed the agreed-upon sentences.  The defendant filed

neither a post-plea motion nor a notice of appeal.

     The defendant filed a pro se petition pursuant to the Post-

Conviction Hearing Act (the Act) (725 ILCS 5/122--1 et seq. (West

1994)) alleging that (1) the defendant was denied the effective

assistance of counsel where counsel failed to file a requested

motion to reduce the sentence; (2) the extended-term sentence for

second-degree murder was unjustified; and (3) the defendant pleaded

guilty only because his lawyers "scared" him into it by telling him

he would receive a sentence of at least 30 years if he went to

trial.  The court dismissed the petition as patently without merit

(725 ILCS 5/122--2.1(a)(2) (West 1994)), and the defendant appeals.

     On appeal, the defendant argues only the first point raised in

his petition: that he was denied the effective assistance of

counsel when his attorney failed to accede to his request to file

a motion to reconsider the sentence.  The defendant contends that

his petition adequately states the gist of a constitutional

violation and that, because he was effectively denied his right to

an appeal, he need not establish prejudice resulting from his

counsel's neglect.

     The Act provides a remedy to criminal defendants who claim

substantial violations of their constitutional rights during trial

court proceedings.  People v. Eddmonds, 143 Ill. 2d 501, 510

(1991); People v. Lemons, 242 Ill. App. 3d 941, 943 (1993).  A

post-conviction petition is not an appeal, but a collateral attack

upon a final judgment.  Eddmonds, 143 Ill. 2d at 510.  The purpose

of such a proceeding is not to determine guilt or innocence, but to

inquire into constitutional issues which have not been, and could

not have been, previously adjudicated.  People v. Gaines, 105 Ill.

2d 79, 87 (1984).  In a post-conviction proceeding, the petitioner

bears the burden of proving that a substantial constitutional

violation occurred.  Eddmonds, 143 Ill. 2d at 510; People v.

Griffin, 109 Ill. 2d 293, 303 (1985).

     In addition, section 122--2.1 of the Act permits a trial court

to dismiss without an evidentiary hearing a petition that is

frivolous or patently lacks merit.  725 ILCS 5/122--2.1(a)(2) (West

1994); Lemons, 242 Ill. App. 3d at 944.  A post-conviction

petitioner is entitled to an evidentiary hearing only if he makes

a substantial showing of a constitutional violation and the

allegations are supported by the record, affidavits, or some other

evidence.  People v. Del Vecchio, 129 Ill. 2d 265, 279 (1989);

People v. Hickox, 229 Ill. App. 3d 454, 456 (1992).

     "A 'gist of a meritorious claim' is not a bare allegation

     of a deprivation of a constitutional right.  Although a

     pro se defendant seeking post-conviction relief would not

     be expected to construct legal arguments, cite legal

     authority, or draft her petition as artfully as would

     counsel, the pro se defendant must still plead sufficient

     facts from which the trial court could find a valid claim

     of deprivation of a constitutional right."  (Emphasis in

     original.)  Lemons, 242 Ill. App. 3d at 946, citing

     People v. Porter, 122 Ill. 2d 64, 74 (1988).

     Generally, a claim of ineffective assistance of counsel

requires that the defendant establish two elements:  (1) that the

attorney's performance fell below an objective standard of

reasonableness; and (2) that there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the

proceeding would have been different.  Strickland v. Washington,

466 U.S. 668, 694, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068

(1984).  However, if the defendant is unable to establish the

second prong of the test, i.e., sufficient prejudice, we need not

consider the first prong of the test, i.e., the reasonableness of

the attorney's conduct.  Strickland, 466 U.S. at 697, 80 L. Ed. 2d

at 699, 104 S. Ct. at 2069; Eddmonds, 143 Ill. 2d at 512.

     The issue in this case is whether a defendant who agrees to a

specified sentence pursuant to a plea agreement may base a claim of

ineffective assistance of counsel on counsel's failure to request

a reduction of the sentence, without alleging any basis for such a

challenge.  In other words, is the prejudice prong of the

Strickland test (466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052)

established where a defendant is denied his right to challenge a

sentence to which he specifically agreed.

     A defendant who wishes to challenge his sentence following a

guilty plea must comply with the requirements of Rule 604(d) (145

Ill. 2d R. 604(d)), although he is not required to seek withdrawal

of the plea.  People v. Wallace, 143 Ill. 2d  59, 60-61 (1991). 

Thus, to preserve his right to appeal, the defendant must file a

motion to reconsider his sentence in the trial court.  145 Ill. 2d

R. 604(d).

     However, a defendant may not challenge an agreed sentence

where the trial court exercised no discretion in imposing the

sentence.  People v. Soles, 226 Ill. App. 3d 944, 946-47 (1992);

see also People v. Goodbrake, 255 Ill. App. 3d 833, 837 (5th Dist.

1994); People v. Terneus, 239 Ill. App. 3d 669, 674 (4th Dist.

1992); People v. Beller, 54 Ill. App. 3d 1053, 1063 (5th Dist.

1977), aff'd, 74 Ill. 2d 514 (1979).  The Appellate Court, Fifth

District, and the Appellate Court, Fourth District, have expressly

held that a defendant who agrees to accept a specific sentence as

part of a negotiated plea may not challenge the length of that

sentence.  Goodbrake, 255 Ill. App. 3d at 837; Terneus, 239 Ill.

App. 3d at 669; see also Beller, 54 Ill. App. 3d at 1063, aff'd, 74

Ill. 2d 514 (1979).  While this court has never explicitly adopted

the reasoning of Goodbrake and Terneus, in People v. Soles, 226

Ill. App. 3d 944, 946-47 (1992), we held that a defendant who

agreed to plead guilty in exchange for a sentence cap of 20 years

was entitled to file a motion to reduce his sentence.  We reasoned

that by agreeing to a 20-year cap, the defendant only "agreed to

accept any sentence *** if the trial court properly exercised its

discretion in imposing it."  Soles, 226 Ill. App. 3d at 947.  Thus,

it is at least a fair inference from Soles that, if a trial court

exercises no discretion in imposing the sentence, a defendant may

not challenge it.

     Here, the trial court did not exercise its discretion in any

meaningful sense.  The court imposed the sentences upon which the

parties had agreed, after hearing brief statements from counsel

regarding aggravation and mitigation.  However, the court did not

hear any evidence in aggravation or mitigation and did not order a

presentence report.  Therefore, we determine that the defendant was

unable to challenge the sentence.

     In addition, we agree with Goodbrake and Terneus to the extent

that the cases hold that a defendant may not challenge the sentence

to which he explicitly agreed, absent some structural defect in the

proceedings.  On appeal, the defendant does not argue that such a

defect existed.  He does not argue, for example, that the sentence

is beyond that statutorily authorized or that he was tricked or

coerced into accepting the sentence.  Cf. Goodbrake, 255 Ill. App.

3d at 836 ("The defendant did not give one good reason for the

reduction of his sentence").  Accordingly, under Goodbrake and

Terneus, the defendant was not able to challenge his sentence.

     As Goodbrake pointed out, a negotiated guilty plea is really

a bargain, or contract, between the defendant and the State. 

Goodbrake, 255 Ill. App. 3d at 836.  Plea bargains are in many ways

subject to contract principles.  See People v. Starks, 106 Ill. 2d

441, 448-49 (1985).  The prosecution must honor the terms of

agreements it makes with defendants.  Starks, 106 Ill. 2d at 449. 

To permit a defendant to agree to a particular sentence, then later

claim that the sentence is excessive, would render the defendant's

obligation under the contract wholly illusory.  The State would not

be permitted to recommend anything longer than the agreed-upon

sentence, but the defendant would remain free to argue for a

shorter sentence.  For this reason, Goodbrake concluded that a

defendant who wishes to renege on his bargain should be required to

file a motion to withdraw the plea.  Goodbrake, 255 Ill. App. 3d at

837.

     The defendant contends, however, that Goodbrake's reasoning

has been rejected by the supreme court.  He notes that the

Appellate Court, Fifth District, applied and expanded upon the

rationale of Goodbrake in People v. Maltimore, 268 Ill. App. 3d 532

(1994).  The supreme court, in a supervisory order, vacated the

appellate court opinion in that case.  People v. Maltimore, 161

Ill. 2d 535 (1995).  The defendant contends that this evidences the

supreme court's repudiation of Goodbrake.  We disagree.

     A critical distinction exists between Goodbrake and Maltimore. 

In the latter case, the appellate court took Goodbrake one step

further, holding that the trial court was not required to appoint

counsel for an indigent defendant who wanted to file a motion to

reduce the sentences imposed pursuant to negotiated pleas. 

Maltimore, 268 Ill. App. 3d at 534.  The supreme court vacated the

appellate court's opinion and remanded the cause to the trial court

so that the defendant could file a motion to reduce the sentence. 

Maltimore, 161 Ill. 2d 535.  The supreme court's order does not

explain the reasons for vacating the appellate court's opinion. 

However, we do not view the supreme court's action as a repudiation

of Goodbrake and Terneus.  It may be, for example, that a defendant

actually has grounds to withdraw his plea, but needs the assistance

of counsel to make this determination.  See People v. Velasco, 197

Ill. App. 3d 589, 591 (1990).  Here, the defendant, who has the

burden to establish a constitutional violation, does not allege

that he was not permitted to consult with counsel and has not given

any indication that he has a valid basis to withdraw his plea.

     In addition, the cases on which the defendant relies are

distinguishable.  In People v. Swanson, 276 Ill. App. 3d 130

(1995), there is no indication that the defendant agreed to accept

a particular sentence under a plea agreement.  Thus, under Soles,

the defendant had a presumptive right to challenge the court's

discretion in imposing the sentence.  In People v. Moore, 236 Ill.

App. 3d 990 (1992), the defendant properly filed a motion to

reconsider his sentence, but the trial court refused to hear it. 

Citing Soles, this court merely held that the trial court was

required to hold a hearing on a properly filed motion.  Moore, 236

Ill. App. 3d at 992-93.  Moreover, as in Swanson, it does not

appear that the defendant agreed to a particular sentence as a

condition of his plea.

     The defendant makes two additional arguments which require

minimal  discussion.  He contends that the trial court did not

actually concur in the parties' plea agreement and, therefore, a

binding agreement as to the sentence never existed.  See 134 Ill.

2d R. 402(d)(3).  He contends that, if the agreement was not

binding on either party, he is not prohibited from challenging his

sentence.  The record does not support the defendant's contention. 

     Two days before the defendant entered his plea, the trial

court held a Supreme Court Rule 402 conference (134 Ill. 2d R.

402(d)(2)).  Immediately after the conference, defense counsel

announced that the defendant would accept "the Judge's

recommendations."  At the guilty plea hearing, the court proceeded

to impose the exact sentence upon which the parties agreed. 

Although the trial judge apparently never pronounced the magic

words that she concurred in the plea agreement, the record clearly

establishes that she did.  Thus, the agreement was equally binding

on both parties.

     We also reject the defendant's contention that "[c]oncerns

about the integrity of the plea bargaining process" are not

implicated by permitting him to challenge his agreed-upon sentence

because the State can protect itself by inserting a provision that

the defendant will not challenge the sentence.  Such a provision is

unnecessary.  As noted, a plea agreement is essentially a contract

between the parties.  Goodbrake, 255 Ill. App. 3d at 836-37. 

Parties to a contract are not required to insert provisions

specifically prohibiting either party from breaching the contract. 

The law presumes that no one enters into a contract with the

intention of breaching it.  A contract permitting one party to

breach would in fact be illusory and would be void for failure of

consideration.  See generally 3 R. Lord, Williston on Contracts

§7:7 (4th ed. 1992).  We conclude that a defendant who agrees to a

specific sentence as a condition of a guilty plea may not challenge

that sentence absent some defect in the proceedings.  Because the

defendant's petition, in the case at bar, does not allege any

specific basis for the reduction of his sentence, he was unable to

challenge his sentence before the trial court.  Thus, the defendant

is now unable to establish sufficient prejudice.  Accordingly, the

defendant's ineffective assistance of counsel claim fails. 

Strickland, 466 U.S. at 697, 80 L. Ed. 2d at 699, 104 S. Ct. at

2069; Eddmonds, 143 Ill. 2d at 512.

     The defendant argues that he does not need to establish

prejudice.  He states that a motion to reconsider a sentence is a

jurisdictional prerequisite to maintaining an appeal.  See 145 Ill.

2d R. 604(d).  Thus, where a criminal defendant has been deprived

of his right to appeal because of his attorney's negligence,

prejudice is presumed.  Therefore, the defendant concludes, he did

not need to specify which arguments he would have raised had the

appeal been perfected.  We are not persuaded by this argument.

     It is well established that a defendant who has been deprived

of his right to appeal by counsel's failure to file a Rule 604(d)

motion must establish prejudice by alleging a valid basis for such

a motion.  In People v. Wilk, 124 Ill. 2d 93 (1988), our supreme

court applied Strickland where the defendants' appeals were

dismissed by the appellate court because their attorneys failed to

file motions pursuant to Supreme Court Rule 604(d) (145 Ill. 2d R.

604(d)) to withdraw their guilty pleas prior to filing the appeals. 

The Illinois Supreme Court declined to reinstate the appeals,

holding that the Act provided the appropriate remedy.  Wilk, 124

Ill. 2d at 107.  The court assumed that the failure to preserve the

defendants' appeal rights might constitute ineffective assistance

of counsel and considered what a defendant would have to allege to

state grounds for relief under the Act.  The court stated:

     "[I]n a post-conviction petition, the defendant pro se needs

     only to allege a violation of his sixth amendment right to

     effective assistance of counsel, due to the attorney's failure

     to preserve appeal rights, and allege whatever grounds he or

     she would have had to withdraw his or her plea of guilty had

     a proper motion to withdraw been filed by defendant's counsel

     prior to the filing of a notice of appeal.  At the hearing on

     the post-conviction petition, the two-pronged test laid down

     in Strickland v. Washington will apply to determine if in fact

     the defendant has been deprived of effective assistance of

     counsel."  (Emphasis added.)  Wilk, 124 Ill. 2d at 107-08.

     The defendant acknowledges Wilk's holding that a defendant who

has been deprived of his right to appeal by counsel's failure to

file a Rule 604(d) motion must establish prejudice by alleging a

valid basis for such a motion.  The defendant argues, however, that

Wilk has been effectively overruled.

     The defendant notes that two justices partially dissented in

Wilk, arguing that prejudice should be presumed when counsel

incompetently fails to perfect an appeal.  Wilk, 124 Ill. 2d at 115

(Clark, J., concurring in part and dissenting in part, joined by

Stamos, J.).  The defendant contends that the "dissenters' position

was adopted two years later" in People v. Moore, 133 Ill. 2d 331

(1990).  In Moore, relying on two United States Supreme Court

decisions, the court held that a defendant seeking post-conviction

relief for lost appeal rights need not specify the points he would

have raised if his appeal were to be reinstated.  Moore, 133 Ill.

2d at 338.  The Moore court relied on Evitts v. Lucey, 469 U.S.

387, 83 L. Ed. 2d 821, 105 S. Ct. 830 (1985), and Penson v. Ohio,

488 U.S. 75, 102 L. Ed. 2d 300, 109 S. Ct. 346 (1988), for the

proposition that due process rights are implicated where an

attorney's incompetence deprives a defendant of his right to

appeal.  Moore stated:

     "[I]t would appear that a criminal defendant must at some

     point be afforded the equivalent of direct review and an

     appellate advocate; a court cannot deny a defendant an

     attorney-assisted appeal by examining the record and

     determining that defendant would not have succeeded on appeal

     in any event."  Moore, 133 Ill. 2d at 339, citing Penson, 488

     U.S. at 86, 102 L. Ed. 2d at 312-14, 109 S. Ct. at 352-54.

     Contrary to the defendant's suggestion, we do not believe that

the Moore court intended to overrule Wilk.  Moore does not purport

to overrule Wilk and, in fact, cites it with approval.  Rather, we

believe the two cases can be harmonized.

     At one point, Moore quotes from Rodriquez v. United States,

395 U.S. 327, 23 L. Ed. 2d 340, 89 S. Ct. 1715 (1969), which

sanctioned the use of a post-conviction attack by a defendant

seeking relief for the loss of appellate rights, but determined

that he need not specify the points he would have raised if his

appeal were reinstated.  After citing Rodriquez, Moore includes the

citation, "Cf. People v. Wilk (1988), 124 Ill. 2d 93, 107-08, 112-

13."  Moore, 133 Ill. 2d at 338.  The signal cf. "[d]irects the

reader's attention to another *** case, etc., where contrasted,

analogous, or explanatory views or statements may be found." 

Black's Law Dictionary 229 (6th ed. 1990).  A Uniform System of

Citation provides that cited authority following the cf. signal

"supports a proposition different from the main proposition but

sufficiently analogous to lend support."  (Emphasis in original). 

The Bluebook:  A Uniform System of Citation §1.2(a) (15th ed.

1991).  The citation of Wilk and the use of the cf. signal indicate

that Wilk stands for a slightly different but analogous proposition

from Moore.

     The obvious distinction between Wilk and Moore is that the

former applies to defendants who seek to appeal following guilty

plea proceedings while the latter applies to those convicted

following a trial, as was the case in Moore.  The reason for such

a distinction is also readily apparent:  a defendant who pleads

guilty simply does not have the same right to an automatic appeal 

as a defendant convicted after trial (see Ill. Const. 1970, art. 6,

§6).  This distinction is embodied in Rule 604(d), which requires

a defendant who seeks to appeal from a conviction following a

guilty plea first to file a motion in the trial court that "shall

state the grounds therefor."  145 Ill. 2d R. 604(d).  

     A guilty plea represents a break in the chain of events that

has preceded it.  Therefore, after pleading guilty, a defendant

generally may not raise claims of the deprivation of constitutional

rights occurring prior to the entry of the plea.  See Tollett v.

Henderson, 411 U.S. 258, 267, 36 L. Ed. 2d 235, 243, 93 S. Ct.

1602, 1608 (1973); 2 W. LaFave & J. Israel, Criminal Procedure

§20.6 (1984); see generally S. Saltzburg, Pleas of Guilty and the

Loss of Constitutional Rights: The Current Price of Pleading

Guilty, 76 Mich. L. Rev. 1265 (1978) (discussing which rights may

still be asserted following a guilty plea).  With certain

exceptions, a defendant who has pleaded guilty is limited to

structural challenges to the plea proceedings themselves, i.e.,

whether the plea was entered voluntarily and intelligently based on

competent advice from counsel.  Tollett, 411 U.S. at 267, 36 L. Ed.

2d at 243, 93 S. Ct. at 1608.

     In Hill v. Lockhart, 474 U.S. 52, 57-58, 88 L. Ed. 2d 203,

209-10, 106 S. Ct. 366, 369 (1985), the Supreme Court held that the

prejudice prong of Strickland applies to defendants who seek to

challenge the validity of their guilty pleas on the ground of

ineffective assistance of counsel.  Although Hill did not deal with

the issue of lost appeal rights, we see no reason why a different

standard should apply to the failure to file a motion to reconsider

the sentence than to other aspects of the guilty plea proceedings. 

The Nebraska Supreme Court, without extended discussion, applied a

prejudice test to a defendant's claim that counsel failed to file

a motion to reconsider his sentence after defendant pleaded guilty.

State v. Portsche, 233 Neb. 839, ___, 448 N.W.2d 173, 174 (1989).

     It would be anomalous to hold that a defendant whose counsel

fails to comply with the post-plea motion requirement is in a

better position than one whose attorney scrupulously follows the

rules.  A defendant who files a Rule 604(d) motion to withdraw his

plea or reconsider his sentence must allege grounds for such a

motion.  145 Ill. 2d R. 604(d).  The defendant, however, contends

that he is entitled to a hearing on his motion to reconsider the

sentence without alleging any grounds for relief.  Nothing in the

cases discussed above mandates such a result.  We think that Wilk

is still good law and mandates that a defendant who pleads guilty

and alleges the loss of his appeal rights because counsel failed to

file a motion to reconsider the sentence must specify what issues

he would have raised had such a motion been filed. 

     The defendant has the burden to establish a violation of his

constitutional rights.  Here, he alleges merely that he wanted to

file a motion to reconsider his sentence but his counsel failed to

do so.  The defendant does not allege any grounds to disturb the

sentence or to withdraw his plea.  The defendant does not allege

that he was deprived of an opportunity to consult with counsel to

determine whether such grounds existed.  For all that appears, it

may be that counsel declined to file the motion because he judged

that it would not succeed.  See Gross v. State, 338 N.E.2d 663, 666

(Ind. App. 1975) ("Defense counsel may have considered any such

motion a useless act").  Since the defendant did not allege any

prejudice resulting from counsel's failure to file the motion, the

trial court properly dismissed his petition as frivolous and

patently without merit.

     The judgment of the circuit court is affirmed.

     Affirmed.

     INGLIS and THOMAS, JJ., concur.