# Illinois Official Reports

## Appellate Court

---

### *People v. Patterson*, 2018 IL App (1st) 160610

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RAMON PATTERSON, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-16-0610 |
| Filed | December 14, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CR-16401; the Hon. Timothy Joseph Joyce, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Bradley Jarka, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Christine Cook, and Clare Wesolik Connolly, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE LAMPKIN delivered the judgment of the court, with opinion.<br>Presiding Justice Rochford and Justice Hoffman concurred in the judgment and opinion. |

**OPINION**

¶ 1        In this proceeding under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)), defendant Ramon Patterson appeals the circuit court's dismissal of his *pro se* postconviction petition as frivolous and patently without merit. Defendant argues that his petition should advance to a stage-two postconviction proceeding because he made an arguable claim that his armed habitual criminal (AHC) conviction is based on a statute that is unconstitutionally vague as applied to him. Specifically, he argues that the statute, which requires the offender to have been convicted a total of two or more times of any combination of certain predicate offenses, failed to give sufficient notice of the unlawful conduct and was enforced arbitrarily where the State had charged him with the two predicate offenses on the same day and he had been convicted of those predicate offenses on the same day.

¶ 2        We hold that (1) under *Class v. United States*, 583 U.S. ___, 138 S. Ct. 798 (2018), defendant did not waive his vagueness challenge to the AHC statute by pleading guilty in the circuit court and (2) the circuit court properly dismissed defendant's *pro se* petition at the first stage of the postconviction proceedings because his vagueness challenge to the AHC statute has no arguable basis in the law.

¶ 3        For the reasons that follow, we affirm the judgment of the circuit court.[1]

¶ 4                                        I. BACKGROUND

¶ 5        In August 2012, Chicago police officers attempted to pull over a car in which defendant Ramon Patterson was the backseat passenger. However, before the car came to a complete stop, defendant exited the car and fled on foot. As officers chased him, he threw a garbage can in front of the officers' squad car to prevent them from capturing him. He also threw a silver object over a fence. Eventually, the officers arrested him and recovered the silver object, a .380 caliber handgun loaded with six live rounds.

¶ 6        In September 2012, the State charged defendant in case No. 12 CR 16401 (the 2012 case) with, *inter alia*, one count of being an AHC (720 ILCS 5/24-1.7 (West 2012)) for possessing a firearm after having been convicted of delivery of a controlled substance and possession of a controlled substance in two separate 2008 cases. According to the record, in case No. 08 CR 5181, defendant was convicted of the Class 2 felony of delivery or possession with intent to deliver a narcotic drug under section 401(d)(i) of the Illinois Controlled Substances Act (720 ILCS 570/401(d)(i) (West 2006)) based on his July 24, 2007, delivery of 1 gram or more but less than 15 grams of a controlled substance containing heroin. In case No. 08 CR 5178, defendant was convicted of the Class 2 felony of delivery or possession with intent to deliver a narcotic drug under section 401(d)(i) of the Illinois Controlled Substances Act based on his August 30, 2007, delivery of less than one gram of a substance containing heroin. *Id.* In both those 2008 cases, defendant was charged on the same day, March 12, 2008. On July 18, 2008, he pled guilty in both 2008 cases and was sentenced to two 3-year prison terms, to run concurrently.

_____

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

¶ 7      While defendant was on bond for the 2012 case, undercover police officers observed him in March 2013 engage in three hand-to-hand suspected narcotic transactions. The officers recovered from defendant two tin foil packets containing 0.7 grams of PCP and $105. The State charged him in case No. 13 CR 8065 (the 2013 case) with one count of possession of a controlled substance, less than 10 grams of a substance containing PCP, with intent to deliver within 1000 feet of a school.

¶ 8      On December 4, 2013, defendant pled guilty to both the AHC charge in the 2012 case and the reduced offense of possession of a controlled substance in the 2013 case. The court then sentenced him to six years' and four years' imprisonment for the 2012 and the 2013 cases, respectively, to be served consecutively.

¶ 9      In March 2014, defendant filed an untimely petition to withdraw his guilty plea and a late *pro se* notice of appeal, both of which were denied by the trial court. He also filed a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)), alleging ineffectiveness of trial counsel. In April 2014, the trial court denied defendant's 2-1401 petition, and he timely appealed (case No. 1-14-1450).

¶ 10      In May 2014, defendant filed a late notice of appeal of the trial court's December 4, 2013, judgment and sentence (case No. 1-14-1267). This court allowed defendant to file that late notice of appeal and consolidated his two 2014 appeals. Thereafter, this court reversed the trial court's *sua sponte* dismissal of defendant's 2-1401 petition and corrected his mittimus to reflect his guilty plea in the 2013 case for possession of a controlled substance. *People v. Patterson*, 2016 IL App (1st) 141267-U.

¶ 11      In December 2015, defendant filed the *pro se* postconviction petition at issue in this appeal. In his petition, defendant raised several claims, including challenging the AHC statute as unconstitutionally vague as applied to him. In January 2016, the circuit court dismissed his petition as frivolous and patently without merit at the first stage of the postconviction process, and defendant timely appealed.

¶ 12                                      II. ANALYSIS

¶ 13      Defendant's sole argument on appeal is that the circuit court erroneously dismissed his petition as frivolous and patently without merit because he made an arguable claim that the AHC statute is unconstitutionally vague as applied to him. He argues that the AHC statute, by focusing on the *number of times* that a defendant has previously been convicted, as opposed to the *number of convictions*, provides inadequate notice that a defendant may face liability as an AHC when he is convicted of two qualifying offenses at the same time. He asserts that the statute's failure to sufficiently specify the sequence of qualifying predicate convictions is out of step with the General Assembly's purpose in recidivist statutes to target those who have served the terms of their punishment and have nonetheless been proven incorrigible. Defendant contends that his case exemplifies the lack of clarity in the statute because his convictions in two 2008 cases were entered only one time, *i.e.*, simultaneously, and there was no period of time between his conviction of one offense and his commission of the other so that judgments about his likelihood to recidivate could fairly be made. According to defendant, under the facts of his case, the decision of what constitutes convictions entered two or more times, and thus who should be branded an AHC, rests solely with law enforcement and the prosecution and, consequently, the resulting possibility of arbitrary enforcement runs afoul of due process.

- 3 -

¶ 14    We review the first-stage summary dismissal of a postconviction petition *de novo*. *People v. Morris*, 236 Ill. 2d 345, 354 (2010). A postconviction proceeding is a collateral attack on the defendant's conviction and allows only constitutional claims to be heard that were not and could not be adjudicated during trial and could not have been raised on appeal. *People v. Harris*, 224 Ill. 2d 115, 124 (2007). *Res judicata* then bars any issues decided at trial or on direct appeal as well as issues that could have been presented in the appeal from the conviction but were not. *People v. Blair*, 215 Ill. 2d 427, 443-44 (2005).

¶ 15    For cases not involving the death penalty, the Act sets forth a three-stage process for hearing a petitioner's constitutional claims. *Harris*, 224 Ill. 2d at 125. At the first stage, the circuit court independently reviews the petition and determines whether the petition is frivolous or patently without merit. 725 ILCS 5/122-2.1 (West 2014); *Morris*, 236 Ill. 2d at 354. A petition may be summarily dismissed at the first stage as frivolous and patently without merit "only if the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). A petition lacks an arguable basis in law or fact if it is based on "an indisputably meritless legal theory or a fanciful factual allegation." *Id.* Because most petitions at the first stage are drafted by defendants with little legal knowledge or training, a defendant need only present a limited amount of detail in the petition to survive summary dismissal by the circuit court. *Id.* at 9. That is, defendants only need to set forth the "gist" of an arguably constitutional claim to meet the relatively low factual threshold to satisfy the first stage under the Act. *Id.*

¶ 16    But defendants still "must set forth some facts which can be corroborated and are objective in nature or contain some explanation as to why those facts are absent" (*People v. Delton*, 227 Ill. 2d 247, 255 (2008)) and must also attach affidavits, records, or other supporting evidence to the petition (725 ILCS 5/122-2 (West 2014)). And if a single claim in the *pro se* petition is deemed sufficient, the entire petition advances to the second stage of the process. *People v. Tate*, 2012 IL 112214, ¶ 10. A petition that is not frivolous or patently without merit advances from the first to the second stage of the process, where the trial court may appoint counsel for the defendant, the petition may be amended, and the State may either answer the petition or move to dismiss it. 725 ILCS 5/122-2.1, 122-4, 122-5 (West 2014); *Harris*, 224 Ill. 2d at 126.

¶ 17                                          A. Waiver

¶ 18    First, we address the State's argument that defendant's challenge to the AHC statute as unconstitutionally vague is barred because his voluntary guilty plea waived all nonjurisdictional errors, including constitutional errors. To support this proposition, the State cites *Tollett v. Henderson*, 411 U.S. 258, 266 (1973) (defendants who plead guilty on advice of counsel may not raise independent claims relating to the deprivation of constitutional rights that occurred before the entry of the plea, like infirmities in the grand jury selection process, but may only challenge the voluntary and intelligent character of the guilty plea by showing that counsel's advice was not within the range of competence required of attorneys in criminal cases), *People v. Townsell*, 209 Ill. 2d 543, 545 (2004) (by pleading guilty, the defendant waived his *Apprendi* challenge to the extended-term portion of his sentence based on the aggravating factor of brutal, heinous behavior), and *People v. Wendt*, 283 Ill. App. 3d 947, 957 (1996) (a defendant who pled guilty generally may not challenge the sentence to which he explicitly agreed absent some structural defect in the plea proceeding itself, *i.e.*,

whether the plea was entered voluntarily and intelligently based on competent advice from counsel).

¶ 19 Recently, the United States Supreme Court held in *Class*, 583 U.S. at ___, 138 S. Ct. at 803, that a guilty plea does not by itself bar a federal criminal defendant from challenging on direct appeal the constitutionality of a statute serving as the basis for the defendant's conviction. In *Class*, the defendant, who had a firearm in his locked vehicle that was parked in a lot on the grounds of the United States Capitol, pled guilty to possession of a firearm on the grounds of the United States Capitol building. *Id.* at ___, 138 S. Ct. at 802. The defendant then appealed, arguing that the statute under which he was convicted violated the second amendment and due process clause because it failed to give fair notice of which areas fall within the Capitol grounds where firearms were banned. *Id.* at ___, 138 S. Ct. at 802. The defendant's written plea agreement included express waivers of particular claims on appeal—like a sentence at or below the sentencing guideline range and most collateral attacks on the conviction and sentences—and enumerated categories of claims that could be raised on appeal—like claims based on ineffective assistance of counsel and certain statutes providing for sentence reductions. *Id.* at ___, 138 S. Ct. at 802. The agreement, however, did not contain an express waiver of the defendant's right to challenge the constitutionality of the statute of conviction on direct appeal. *Id.* at ___, 138 S. Ct. at 802.

¶ 20 The Court reviewed its holdings about the nature of guilty pleas, which "stretche[d] back nearly 150 years" and reflected, in broad outline, an understanding that "a guilty plea does not bar a claim on appeal 'where on the face of the record the court had no power to enter the conviction or impose the sentence.' " *Id.* at ___, 138 S. Ct. at 804 (quoting *United States v. Broce*, 488 U.S. 563, 569 (1989)). However, if "the defendants could not 'prove their claim' *** 'without contradicting [their] indictments' [then] their claims were 'foreclosed by the admissions inherent in their guilty pleas.' " *Id.* at ___, 138 S. Ct. at 804 (quoting *Broce*, 488 U.S. at 576).

¶ 21 Here, defendant's constitutional claim, as we understand it, does not contradict the terms of the indictment or his plea agreement and does not focus upon case-related constitutional defects that occurred prior to the entry of his guilty plea. Instead, defendant challenges the State's power to prosecute his admitted conduct and thereby questions the State's power to constitutionally prosecute him. Accordingly, we hold that defendant's guilty plea does not bar his appeal in these circumstances.

¶ 22                                        B. Vagueness Challenge

¶ 23 Defendant challenges the AHC statute as unconstitutionally vague as applied to him. The AHC statute provides in relevant part:

> "(a) A person commits the offense of being an armed habitual criminal if he or she receives, sells, possesses, or transfers any firearm after having been convicted a total of 2 or more times of any combination of the following offenses:
>
>                                        * * *
>
> (3) any violation of the Illinois Controlled Substances Act or the Cannabis Control Act that is punishable as a Class 3 felony or higher." 720 ILCS 5/24-1.7(a) (West 2010).

¶ 24    Due process requires that the proscriptions of a criminal statute be clearly defined. *City of Chicago v. Morales*, 177 Ill. 2d 440, 448 (1997). To satisfy this requirement, a criminal statute must be sufficiently definite so that it gives persons of ordinary intelligence a reasonable opportunity to distinguish between lawful and unlawful conduct. *Id.* at 449. Furthermore, a penal statute must adequately define the criminal offense in such a manner that does not encourage arbitrary and discriminatory enforcement. *Id.* A defendant can attack a statute as unconstitutionally vague either facially or as applied to him. *People v. Einoder*, 209 Ill. 2d 443, 448 (2004). When mounting an as-applied challenge to the constitutionality of a statute on vagueness grounds, the question is whether the statute is vague "as applied to the conduct for which the party is being prosecuted." (Emphasis and internal quotation marks omitted.) *Id.* at 451; see also *People v. Thompson*, 2015 IL 118151, ¶ 36 (an as-applied challenge requires "a showing that the statute violates the constitution as it applies to the facts and circumstances of the challenging party"). The same two-part vagueness test (*i.e.*, insufficient notice and arbitrary enforcement) applies to both facial and as-applied challenges. *Einoder*, 209 Ill. 2d at 453.

¶ 25    First, defendant argues that it is impossible for a person of ordinary intelligence to know whether two prior convictions constitute valid predicates for an AHC conviction when those predicate convictions were entered at the same time. Defendant alleged in his *pro se* petition that his 2008 predicate convictions involving controlled substances were "a direct result of the same series of acts" because the police were conducting an ongoing investigation of a street gang for a drug conspiracy. However, when the affidavits for the warrants for audio and video surveillance were deemed insufficient, the State decided to charge the individual members of the alleged conspiracy, including defendant, separately. Accordingly, both 2008 cases were arraigned on March 28, 2008, defendant pled guilty in both cases on July 18, 2008, and the trial court sentenced him to two concurrent terms of three years in prison on July 18, 2008.

¶ 26    Defendant contends that his two convictions in 2008 cannot be used as predicates under the AHC statute because those convictions were entered on the same day based on plea agreements that were reached on the same day and, consequently, he was convicted only one time of two separate offenses. According to defendant, his conduct is not covered by the plain language of the AHC statute because it requires the priors to have been *entered* a total of two or more times but his convictions occurred on the same day and thus only one time. To support this proposition, defendant cites a definition of "time" as a "point in or period of duration at or during which something is alleged to have occurred." See Black's Law Dictionary 1491 (7th ed. 1999).

¶ 27    There is a strong presumption that all statutes are constitutional. *People v. Sharpe*, 216 Ill. 2d 481, 487 (2005). In deciding whether a statute is unconstitutionally vague, courts apply the traditional rules of statutory construction and begin the inquiry by analyzing the plain language of the statute in light of its common understanding and practice. *Wilson v. County of Cook*, 2012 IL 112026, ¶ 24. The primary objective of statutory construction is to ascertain and give effect to the intent of the legislature. *People v. Dupree*, 2018 IL 122307, ¶ 31. And the best evidence of legislative intent is the statutory text. *Id.* Therefore, courts assume statutory words have their ordinary and popularly understood meanings absent clear legislative intent to the contrary. *People v. Schwartz*, 64 Ill. 2d 275, 280 (1976). And if the statutory language is clear and unambiguous, "the court is not free to depart from the plain

language and meaning of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express." *People v. Woodard*, 175 Ill. 2d 435, 443 (1997). Courts give effect to clear and unambiguous statutory language without resort to extrinsic aids for constructions. *Lawler v. University of Chicago Medical Center*, 2017 IL 120745, ¶ 40. This court reviews the constitutionality of a statute *de novo*. *Einoder*, 209 Ill. 2d at 450.

¶ 28    We do not agree with defendant's contention that the plain meaning of the term "times" indicates that the predicate convictions must occur, *i.e.*, be entered, on separate days. Furthermore, defendant's argument adds the term "entered" to the statutory language to support his assertion that the AHC statute requires the predicate convictions to have been entered two or more times. However, the term "entered" does not appear in the plain language of the AHC statute, which requires only that a person have been convicted of certain offenses two or more times.

¶ 29    " 'Conviction' means a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." 720 ILCS 5/2-5 (West 2006). The plain language of the AHC statute does not contain any limiting language regarding the sequence or separate entry of the predicate convictions. As defendant's circumstances show, an individual can satisfy the AHC statute's requirement of having been convicted two or more times even if the predicate convictions, which were based on separate acts that occurred on separate days and were charged in separate cases, were entered by the court on the same day. A person of ordinary intelligence would understand that an individual convicted of two separate offenses in two separate cases stemming from two separate incidents that occurred over one month apart has been convicted two or more times.

¶ 30    Nevertheless, defendant argues that the AHC is unconstitutionally vague because his conduct does not fall within the purpose of recidivist statutes to impose harsher sentences on offenders who have shown their resistance to correction by being convicted of a subsequent offense after serving a term of imprisonment for a previous conviction. Specifically, defendant cites certain provisions of the Unified Code of Corrections regarding the adjudication and sentencing of defendants as habitual criminals and Class X offenders (see 730 ILCS 5/5-4.5-95(a)(4)(A)-(D), (b)(1)-(3) (West 2010) (requiring the commission of a subsequent qualifying offense to occur after the conviction for a preceding qualifying offense)), and factors that the court may consider as reasons to impose an extended term sentence for felony convictions (see *id.* § 5-5-3.2(b)(1) (allowing a defendant to be sentenced to an extended term only when he is convicted of a felony "after having been previously convicted" of the same or similar class of felony or greater class of felony)). Defendant contends that it is impossible to gauge the possibility that a sentence on his first 2007 offense might have deterred his second 2007 offense because he was not given the opportunity to serve any time for the first offense before he committed the second one.

¶ 31    We reject defendant's argument that the AHC statute should be construed like certain sentencing provisions of the Unified Code of Corrections to require sequential and separate convictions. As discussed above, we need not look beyond the clear and unambiguous language in the AHC statute, which does not require sequential and separately entered convictions. *Woodard*, 175 Ill. 2d at 443 (the court may not read exceptions or conditions into the statute that the legislature did not express). Because the legislature included the

limiting language regarding sequential and separate convictions in the above-cited recidivist provisions of the Unified Code of Corrections regarding the sentencing of habitual criminals and Class X offenders and the imposition of extended term sentences but did not include any similar language in the AHC statute, we must conclude that the legislature intentionally refrained from imposing such a requirement in the AHC statute. See *People v. Hunter*, 2017 IL 121306, ¶ 51; *People v. Parvin*, 125 Ill. 2d 519, 525 (1988). The presence of the limiting language in the recidivist provisions of the Unified Code of Corrections and the absence of that language in the AHC statute establishes that defendant's claim has no arguable basis in the law.

¶ 32    Finally, defendant argues that the AHC statute allows for arbitrary enforcement because prosecutors can take advantage of its vague language to brand someone like him as a recidivist despite the fact that he meets none of the policy considerations generally animating recidivism statutory provisions in Illinois. Defendant asserts that he was not arrested when he committed his first offense in 2007 because the police were trying to build strong evidence on each person involved with the Traveling Vice-Lord street gang. According to defendant, the State should not have been able to use its failure to secure what would have been one conspiracy conviction, or one set of convictions arising out of the same indictment, to charge him under the AHC statute. Defendant complains that the ambiguity of the AHC statute creates an incentive for the State to take multiple acts of possession or delivery, split them up into separate indictments, and obtain separate judgments instead of charging the acts in one indictment and obtaining one judgment. Defendant asserts that the ambiguous AHC statute allows the State to obtain the result it obtained here—an AHC conviction based on convictions for separate offenses that were entered at one time.

¶ 33    We conclude that defendant's argument regarding the possibility of arbitrary enforcement of the AHC statute lacks an arguable basis in law and fact. As discussed above, the statute is not vague because its plain language clearly defines the unlawful conduct, which does not contain any limiting language regarding the sequence or separate entry of the predicate convictions. Furthermore, the circumstances of defendant's conviction under the AHC do not show any arbitrary enforcement because he was convicted of two separate offenses in two separate cases stemming from his actions in two separate incidents that occurred over one month apart.

¶ 34                                III. CONCLUSION

¶ 35    After reviewing defendant's petition, the supporting record, and the clear and unambiguous language of the AHC statute, we conclude that his vagueness claim is frivolous and patently without merit because it has no arguable basis in law or fact. The scope of the AHC statute is not undefined, and there is no uncertainty regarding whether it applies to these circumstances when a defendant has been convicted of two separate qualifying offenses. No person of ordinary intelligence is forced to speculate about the meaning of the statutory language involved here. Thus, we affirm the circuit court's stage-one dismissal of defendant's postconviction petition.

¶ 36        Affirmed.