2020 IL App (1st) 171763-U

THIRD DIVISION
September 9, 2020

No. 1-17-1763

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| Plaintiff-Appellee, | ) | Appeal from the |
| | ) | Circuit Court of |
| | ) | Cook County |
| | ) | |
| v. | ) | No. 15 C6 60152 |
| | ) | |
| | ) | Honorable |
| | ) | Allen F. Murphy, |
| SYLVESTER HUDSON, | ) | Judge Presiding. |
| Defendant-Appellant. | ) | |

_____

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Howse and Justice McBride concurred in the judgment.

**ORDER**

¶ 1    *Held:* Defendant's armed habitual criminal conviction affirmed. State proved beyond reasonable doubt that defendant had been "convicted a total of 2 or more times" of qualifying predicate offense.

¶ 2    Following a bench trial, defendant Sylvester Hudson was convicted of the offense of armed habitual criminal for attempting to bring a handgun into a bar after having been twice convicted of residential burglary. On appeal, defendant contends that the State failed to prove beyond a reasonable doubt that he had been "convicted a total of 2 or more times" of a qualifying offense, because his two residential burglary convictions were entered on the same day in the same criminal proceeding and

thus did not count as being convicted "2 or more times." For the reasons set forth herein, we disagree with defendant's interpretation of the statute and affirm the judgement of the trial court.

¶ 3                              BACKGROUND

¶ 4      On March 26, 2015, the State charged defendant with three weapons offenses after he attempted to bring a handgun into Adrianna's Sports Bar in Markham, Illinois. Count 1 charged defendant with the crime of armed habitual criminal (AHC) for possessing a handgun after having been twice convicted of residential burglary (Case Nos. 08 CR-16548 and 09 CR-09531). Counts 2 and 3 alleged other possession crimes not relevant to this appeal.

¶ 5      At trial, the State presented testimony from a security guard working at Adrianna's and a Markham police officer that, on February 27, 2015, defendant attempted to bring a loaded handgun into the establishment. The State then admitted certified copies of defendant's convictions for residential burglary in case numbers 08 CR-16548 (charged in August 2008) and 09 CR-09531 (charged in May 2009, while defendant was out on bond for the 2008 charge).

¶ 6      In his own defense, defendant testified that he went to Adrianna's Sports Bar that night but denied ever having a handgun. The trial court credited the State's witnesses and found defendant to be incredible and convicted defendant of AHC.

¶ 7      Defendant moved for a new trial, contending that, because the two residential burglary convictions that formed the predicate offenses for AHC were entered on the same day, they could not both serve as predicates for his AHC conviction. The State replied that the armed habitual criminal statute did not require that the two prior convictions be entered on different days. The trial court reasoned that "[d]efendant qualifies under the statute. He has two convictions for a forcible felony; that being residential burglary. They don't have to be on separate dates; they don't have to be charged on separate dates; they don't have to be pled on separate dates or trials on separate dates;

that's not required for those convictions." As a result, the trial court denied defendant's motion and sentenced him to seven years in prison.

¶ 8     This appeal followed.

¶ 9                                    ANALYSIS

¶ 10     Defendant argues that this court should reverse his AHC conviction because the State failed to prove beyond a reasonable doubt that he had been "convicted a total of 2 or more times" of a qualifying offense as required by the statute. 720 ILCS 5/24-1.7 (West 2014). Specifically, he claims that, because the two predicate residential burglary convictions were entered on the same day within the same criminal proceeding, he was not convicted "2 or more times" of these crimes but was convicted only *one* time of two offenses.

¶ 11     Typically, when we consider a challenge to the sufficiency of the evidence, we ask whether, after viewing the evidence in the light most favorable to the prosecution, any rational factfinder could have found defendant guilty beyond a reasonable doubt. *People v. Hall*, 194 Ill. 2d 305, 330 (2000). But when the underlying facts are undisputed, and the sufficiency question devolves into a question of statutory interpretation, the question is one of law requiring *de novo* review. *People v. Ward*, 215 Ill. 2d 317, 324 (2005); *People v. Barnes*, 2017 IL App (1st) 142886, ¶ 21.

¶ 12     That is the case here. There is no dispute that defendant had two previous convictions for residential burglary, the first committed in 2008, the second in 2009, while defendant was out on bond on the 2008 charge. Nor is there any dispute that defendant pleaded guilty to both offenses and was sentenced for both convictions on the same date in the same proceeding. The only question is whether convictions entered on the same date constitute being "convicted a total of 2 or more times" of a qualifying offense under the AHC statute. Left with nothing in dispute but this legal question, our review is *de novo*.

¶ 13    In determining the meaning of the AHC statute, our first order of business is to consider the statute's plain language. *People v. Bywater*, 223 Ill. 2d 477, 481 (2006). If the language is unambiguous, we apply it as written. *Id*. But under the "rule of lenity," if a criminal statute is ambiguous, we resolve any ambiguity in favor of the accused. *People v. Carter*, 213 Ill. 2d 295, 302 (2004); *Barnes*, 2017 IL App (1st) 142886, ¶ 25.

¶ 14    "A person commits the offense of being an armed habitual criminal if he or she receives, sells, possesses, or transfers any firearm after having been convicted a total of 2 or more times of any combination of the following offenses: (1) a forcible felony as defined in Section 2-8 of this Code ***." 720 ILCS 5/24-1.7 (West 2014). There is no dispute that defendant's two convictions for residential burglary were qualifying forcible felonies.  But defendant claims that, because he was not convicted of those qualifying offenses on two separate dates but, rather, both on the same date, he was not convicted "2 or more times." Thus, defendant's argument raises this question: Is it enough that defendant was convicted of qualifying forcible felonies twice, or does the statute require that these two convictions occur on different dates—at two different "times?" *Id*.

¶ 15    We recently answered that question, albeit in a different context, in *People v. Patterson*, 2018 IL App (1st) 160610. Patterson, like defendant here, was convicted of AHC based on two prior predicate felonies whose convictions were entered on the same date. *Id*. ¶ 6. Patterson challenged the AHC statute as unconstitutionally vague, arguing that a person of ordinary intelligence would not understand that the AHC's reference to being convicted of certain predicate felonies "a total of 2 or more times" could include two predicate felonies for which the convictions were entered on the same date. *Id*. ¶ 25. In a nutshell, Patterson claimed, as does defendant here, that "he was convicted only one time of separate offenses." *Id*. ¶ 26. He further argued, like defendant here, that his interpretation

would keep with the spirit of other recidivist statutes that require separate and sequential convictions for the imposition of enhanced sentences. *Id*. ¶ 30.

¶ 16    We rejected the vagueness challenge:

"We do not agree with defendant's contention that the plain meaning of the term 'times' indicates that the predicate convictions must occur, *i.e.*, be entered, on separate days. Furthermore, defendant's argument adds the term 'entered' to the statutory language to support his assertion that the AHC statute requires the predicate convictions to have been entered two or more times. However, the term 'entered' does not appear in the plain language of the AHC statute, which requires only that a person have been convicted of certain offenses two or more times." *Id*. ¶ 28.

¶ 17    We likewise rejected Patterson's reference to other recidivism statutes that *explicitly* require separate, sequential convictions for the imposition of heightened penalties, such as provisions of the Uniform Code of Corrections regarding the conviction and sentencing of habitual criminals and Class X offenders, as well as those concerning extended-term sentences. *Id*. ¶ 30; see 730 ILCS 5/5-4.595(a)(4)(A)-(D), (b)(1)-(3) (West 2010); *id*., § 5-5-3.2(b)(1). Because those recidivism statutes explicitly required separate, sequential convictions after incarceration for the earlier convictions, we reasoned that the General Assembly, which knew how to draft such explicit language, must have "intentionally refrained from imposing such a requirement in the AHC statute." *Patterson*, 2018 IL App (1st) 160610, ¶ 31; see also *id*. ("The presence of the limiting language in the recidivist provisions of the Unified Code of Corrections and the absence of that language in the AHC statute establishes that defendant's claim has no arguable basis in the law.").

¶ 18    We see no reason to depart from the holding in *Patterson*. Defendant here committed two different acts of residential burglary, one in 2008 and the other in 2009; the fact that his convictions

for those offenses were entered on the same date, in the same legal proceeding, is of no legal consequence insofar as the AHC statute is concerned.

¶ 19    Defendant distinguishes *Patterson*, claiming that Patterson argued that the AHC statute was vague, whereas he argues not that it's vague but that it plainly reads as requiring separate convictions on separate dates. But that is no distinction; *Patterson* found the statute unambiguous, and so do we—it plainly does not require that the separate predicate felony convictions be entered on separate dates. And for the same reasons given in *Patterson*, we reject defendant's attempt to import the "spirit" of those recidivist provisions into the AHC statute. The "spirit" of a statute cannot overtake its plain language; the General Assembly did not include in the AHC statute the language defendant tries to imply, and reference to recidivism statutes that *did* include that language only further cements that this omission in the AHC statute was no accident. See *People v. Woodard*, 175 Ill. 2d 435, 443 (1997) ("There is no rule of construction which allows the court to declare that the legislature did not mean what the plain language of the statute imports."); *People ex rel. Devine v. $30,700.00 United States Currency*, 199 Ill. 2d 142, 152 (2002) (inclusion of specific language in one provision and omission in another provision "evinces legislative intent to refrain from imposing the requirement" in omitting statute).

¶ 20    We thus reject defendant's interpretation of the AHC statute and find that he was properly convicted.

¶ 21                              CONCLUSION

¶ 22    For the reasons given above, we affirm defendant's conviction.

¶ 23    Affirmed.