2024 IL App (3d) 230406

Opinion filed August 15, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
| Plaintiff-Appellant, | ) ) | Appeal No. 3-23-0406 |
| v. | ) ) | Circuit No. 22-CF-372 |
| EMERSON D. HARRIS, | ) ) ) | The Honorable Kenneth L. Zelazo, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE PETERSON delivered the judgment of the court, with opinion.
Justices Albrecht and Davenport concurred in the judgment and opinion.

**OPINION**

¶ 1　　Defendant, Emerson D. Harris, was charged with multiple criminal offenses, including being an armed habitual criminal (AHC) (720 ILCS 5/24-1.7(a)(3) (West 2022)). During pretrial proceedings, defendant filed a motion to dismiss the AHC charge, asserting, among other things, that the charge failed to state an offense because the charge failed to sufficiently allege that defendant had previously been convicted two or more times of predicate offenses as required by the AHC statute. Following a hearing, the trial court agreed with defendant and granted defendant's motion to dismiss the AHC charge. The State appeals. We reverse the trial court's judgment and remand this case for further proceedings.

## I. BACKGROUND

In March 2022, defendant was arrested in Will County, Illinois, and charged with multiple criminal offenses, including being an armed habitual criminal, a Class X felony. Specifically, in count I (the only count that is at issue in this appeal) of the later-returned bill of indictment, the State alleged that:

> "[O]n or about March 9, 2022, at an [*sic*] within Will County, Illinois, EMERSON DEWAYNE HARRIS, a male person, committed the offense of[ ] ARMED HABITUAL CRIMINAL (Class X Felony – Category A) in that said defendant knowingly possessed a firearm, a Ruger .9mm semi-automatic handgun, after having been convicted a total of 2 or more times of any combination of the following offenses: Unlawful Delivery of a Controlled Substance (count 1), a violation of the Illinois Controlled Substances Act that is punishable as a class 3 felony or higher in Will County under docket number 2012 CF 2403; the offense of Unlawful Delivery of a Controlled Substance (count 4), a violation of the Illinois Controlled Substances Act that is punishable as a class 3 felony or higher in Will County under docket number 2012 CF 2403; the offense of Unlawful Delivery of a Controlled Substance (count 5), a violation of the Illinois Controlled Substances Act that is punishable as a class 3 felony or higher in Will County under docket number 2012 CF 2403; and, the offense of Unlawful Delivery of a Controlled Substance (count 6), a violation of the Illinois Controlled Substances Act that is punishable as a class 3 felony or higher in Will County under docket number 2012 CF 2403, in violation [of] Chapter 720, Act 5, Section 24-1.7(a)(3) and (b) of the Illinois Compiled Statutes, 2022, ***[.]" (Emphasis omitted.)

¶ 4        Several months later, in April 2023, defendant filed a pretrial motion *in limine* seeking (we presume) to prevent the State from using the four prior offenses listed in the AHC charge to satisfy the predicate offense element (convicted two or more times) of the AHC statute. Defendant asserted in the motion, although somewhat implicitly at times, that all four of the prior offenses were brought against defendant as different counts in a single case, Will County case No. 12-CF-2403; that defendant had pled guilty to those counts; and that allowing the State to use individual counts from a single case as multiple predicate offenses for the AHC charge was inconsistent with the recidivist provisions of the Unified Code of Corrections (Code of Corrections) (730 ILCS 5/5-4.5-95 (West 2022)) and violated the one-act, one-crime rule. The State opposed the motion *in limine*.

¶ 5        A hearing was held on the motion *in limine* on the same day that it was filed. During the hearing or prior thereto, defense counsel tendered to the trial court a copy of the judgment order from case No. 12-CF-2403 (the prior case) as an exhibit. Defense counsel pointed out that the judgment order showed that defendant had pled guilty to four counts in the prior case and was sentenced to 13½ years in prison on three of the counts and a concurrent 7 years in prison on the remaining count. Defense counsel argued that the State could not use the individual counts from that single prior case as multiple predicate offenses for the AHC charge and that the predicate offenses had to be tried, charged, and dealt with separately. The trial court noted during defense counsel's argument that, although there was only one indictment for defendant in the prior case, the offenses alleged in that indictment had occurred on separate days. The court commented that joining all of the prior offenses in a single indictment was merely an administrative function. After the hearing had concluded, the trial court denied defendant's motion *in limine*. Defendant filed a motion to reconsider, which the trial court also denied.

¶ 6     The following month (May 2023), defendant filed a pretrial motion to dismiss the AHC charge pursuant to section 114-1 of the Code of Criminal Procedure of 1963 (Code of Criminal Procedure) (725 ILCS 5/114-1 (West 2022)). In the motion, defendant asserted essentially that dismissal of the AHC charge was warranted because, among other things, the AHC charge failed to properly state an offense, in that it failed to sufficiently allege that defendant had previously been convicted two or more times of predicate offenses as required by the AHC statute.[1] More specifically, defendant claimed in the motion that the State was collaterally estopped from using the four prior convictions listed in the AHC charge as anything other than a single predicate offense because (1) the State had brought all four of the prior offenses in a single indictment in the same case as part of the same comprehensive transaction, (2) defendant had pled guilty to all four offenses on the same date, and (3) the prior case had proceeded to a valid and final judgment. The State filed a response and opposed the motion to dismiss.

¶ 7     In June 2023, the trial court held a hearing on defendant's motion. After listening to the oral arguments of the attorneys, the trial court took the motion under advisement. A few weeks later (in July 2023), the trial court made its ruling, agreed with defendant's argument, and granted defendant's motion to dismiss the AHC charge.[2] In explaining its ruling, the trial court noted that: (1) defendant had been charged in the prior case (case No. 12-CF-2403) with multiple counts in a single indictment and a single case for offenses that were committed on several different days; (2) on a single day in November 2013, defendant had pled guilty in the prior case to four charges

[1]Defendant also sought to have the AHC statute declared unconstitutional as applied to him and to have the AHC charge dismissed on that basis because, according to defendant, the AHC statute as applied violated the constitutional prohibition against *ex post facto* laws and was unconstitutionally vague.

[2]Having determined that dismissal of the AHC charge was warranted on the first ground asserted in defendant's motion to dismiss, the trial court made no ruling on the remaining grounds for dismissal that were asserted in the motion (the grounds that asserted that the AHC statute was unconstitutional as applied to defendant).

of unlawful delivery of a controlled substance as set forth in count I (a Class 2 felony offense that had occurred on June 21, 2012), count IV (a Class 1 felony offense that had occurred on July 12, 2012), count V (a Class 1 felony offense that had occurred on October 1, 2012), and count VI (a Class 1 felony offense that had occurred on October 2, 2012); (3) defendant had filed a motion to sever the counts for trial in the prior case but had not litigated the motion before the entry of his pleas of guilty; (4) the State had apparently charged (joined) the four relevant counts in the prior case as being two or more acts that were part of the same comprehensive transaction; (5) because the State had charged the four prior offenses (the four counts) in that manner, it could not use those offenses individually to satisfy the convicted two or more times predicate offense element of the AHC statute; (6) the State's AHC charge against defendant in the current case, therefore, failed to properly state an offense; and (7) grant of defendant's motion to dismiss the AHC charge was, thus, warranted.

¶ 8        The State filed a motion to reconsider, which the trial court subsequently denied. The State filed a certificate of substantial impairment and appealed the trial court's ruling.

¶ 9                                    II. ANALYSIS

¶ 10        On appeal, the State argues that the trial court erred in granting defendant's pretrial motion to dismiss count I of the bill of indictment, the AHC charge against defendant. The State asserts that the motion should not have been granted because count I set forth all of the required elements of an AHC charge; thus, it strictly complied with the pleading requirements of section 111-3 of the Code of Criminal Procedure (*id.* § 111-3). More specifically, as to the requirement of an AHC charge that the defendant be convicted two or more times of predicate offenses, the State asserts that the four predicate offenses listed in count I (the four prior offenses from case No. 12-CF-2403) were separate convictions and were, therefore, sufficient to satisfy the predicate offense element.

5

According to the State, the trial court's ruling to the contrary is inconsistent with the plain language of the AHC statute—which does not contain any type of limitation on the predicate offense element, such as the limitation imposed by the trial court—and is inconsistent with the case law that allows for multiple separate convictions to be entered against a defendant in a single case where the defendant has committed several acts, even if those acts are interrelated. Further, the State maintains that had the legislature intended for there to be a sequential- or separate-case limitation on the predicate offense element of an AHC charge, such as the limitation contained in the recidivist provisions of the Code of Corrections (see 730 ILCS 5/5-4.5-95(a)(4), (b) (West 2022) (requiring that each subsequent predicate offense be committed after conviction of the prior predicate offense)) or the limitation imposed by the trial court in this case, the legislature would have included limiting language for that purpose in the AHC statute. For that reason and for all of the other reasons set forth, the State asks that we reverse the trial court's grant of defendant's motion to dismiss the AHC charge as contained in count I of the bill of indictment and that we remand this case for further proceedings.

¶ 11     Defendant argues that the trial court's ruling was proper and should be upheld. Defendant asserts that the allegation contained in count I—that defendant pled guilty to various counts in a single case—showed only that defendant had been convicted of a predicate offense a single time and was, therefore, insufficient to satisfy the predicate offense element of the AHC statute, which required that defendant be convicted of a predicate offense two or more times, so as to demonstrate that defendant was a habitual criminal. In making that assertion, defendant does not dispute that the four prior offenses were separate convictions. Instead, defendant maintains that the offenses did not constitute "[being] convicted a total of [two] or more times" for the purpose of the predicate offense element of the AHC statute. According to defendant, such an interpretation is consistent

6

with the plain language of the AHC statute, which indicates that the offender has to be a "habitual criminal" at the time of the offense for the charge to apply. Defendant further argues that this is how an ordinary person would view the statutory phrase, "convicted a total of two or more times," in the context of the present case where the four alleged predicate offenses were the result of defendant pleading guilty to four counts in a single case.

¶ 12    In the alternative, defendant asserts that even if this court determines that the predicate offense language (convicted "2 or more times") of the AHC statute is ambiguous, it should still rule in defendant's favor because (1) the legislative intent of the AHC statute is to restrict the harsh penalty imposed (a mandatory 6 to 30 year prison term of which an offender must serve at least 85%) to only those offenders who have previously gone through the process of being convicted and sentenced for an enumerated offense at least two separate times such that they can properly be said to be habitual criminals; (2) the ordinary understanding of the term "habitual" supports defendant's interpretation of the AHC statute; (3) the statutory language used in the Code of Corrections' provisions that the State has cited does not mandate a different result; and (4) the rule of lenity requires this court to adopt the interpretation of the AHC statute that favors defendant if the statute is reasonably susceptible of both the State's and defendant's interpretations. Thus, for all of the reasons stated, defendant asks that we affirm the trial court's grant of defendant's motion to dismiss the AHC charge, count I of the bill of indictment.

¶ 13    A trial court's ruling on a defendant's pretrial motion to dismiss a charge is subject to a *de novo* standard of review on appeal. *People v. Redwood*, 335 Ill. App. 3d 189, 193 (2002). In addition, a *de novo* standard of review is also applied in cases, such as the present case, where the appellate court is called upon to interpret the applicable statute. *People v. Baskerville*, 2012 IL 111056, ¶ 18. When *de novo* review applies, the appellate court performs the same analysis that

7

the trial court would perform. *Direct Auto Insurance Co. v. Beltran*, 2013 IL App (1st) 121128, ¶ 43.

¶ 14 Under section 114-1(a)(8) of the Code of Criminal Procedure, a defendant may file a pretrial motion to dismiss a criminal charge for failure to state an offense. See 725 ILCS 5/114-1(a)(8) (West 2022); *People v. Gerdes*, 173 Ill. App. 3d 1024, 1028 (1988). The purpose of such a motion is to challenge the sufficiency of the allegations in the charging instrument, not to challenge the sufficiency of the evidence. *People v. Sheehan*, 168 Ill. 2d 298, 303 (1995). When a defendant files a pretrial motion to dismiss a charge for failure to state an offense, the trial court must determine whether the charging instrument strictly complies with the requirements of section 111-3 of the Code of Criminal Procedure, which sets forth the requirements for charging an offense. See *id.*; *Redwood*, 335 Ill. App. 3d at 192; *Gerdes*, 173 Ill. App. 3d at 1028. Section 111-3 requires that a charge be in writing, that the name of the offense be stated, that the statutory provision alleged to have been violated be cited, that the nature and elements of the offense be set forth, that the date and county of commission be stated, and that the name of the accused (if known) be stated. See 725 ILCS 5/111-3(a) (West 2022); *Sheehan*, 168 Ill. 2d at 303; *Gerdes*, 173 Ill. App. 3d at 1028-29. Our focus in this case is on the requirement that the charge set forth the elements of the offense.

¶ 15 The AHC statute, section 24-1.7 of the Criminal Code of 2012, provides, in pertinent part, that:

"(a) A person commits the offense of being an armed habitual criminal if he or she receives, sells, possesses, or transfers any firearm after having been convicted a total of 2 or more times of any combination of the following offenses:

* * *

8

(3) any violation of the Illinois Controlled Substances Act or the Cannabis Control Act that is punishable as a Class 3 felony or higher." 720 ILCS 5/24-1.7(a)(3) (West 2022).

¶ 16    The AHC statute was enacted to help protect the public from the threat of violence that arises when repeat offenders possess firearms. See *People v. Davis*, 408 Ill. App. 3d 747, 750 (2011). As the statute indicates, to sustain an AHC charge, the State must allege and prove the following two elements: (1) that the defendant received, sold, possessed, or transferred any firearm and (2) that the defendant had previously been convicted two or more times of any of the predicate offenses listed in the AHC statute. See 720 ILCS 5/24-1.7(a) (West 2022); see also Illinois Pattern Jury Instructions, Criminal, No. 18.08B (approved Oct. 27, 2023).

¶ 17    Only the second element is in dispute in this case. We must determine, as a matter of statutory interpretation, whether the AHC statute allows the State to use two or more drug offenses that occurred on separate days but were charged in the same bill of indictment and the same case to satisfy the predicate offense element of the AHC statute. The rules of statutory interpretation are well established. The fundamental rule of statutory interpretation is to ascertain and give effect to the intent of the legislature. *Baskerville*, 2012 IL 111056, ¶ 18. The most reliable indicator of that intent is the plain and ordinary meaning of the language of the statute itself. *Id.* In determining the plain meaning of statutory terms, a court should consider the statute in its entirety and keep in mind the subject the statute addresses and the apparent intent of the legislature in enacting the statute. *Id.*; 5 ILCS 70/1.01 (West 2022) (in construing a statute, "[a]ll general provisions, terms, phrases and expressions shall be liberally construed in order that the true intent and meaning of the General Assembly may be fully carried out"). The court will presume that the legislature did not intend results that are absurd, inconvenient, or unjust (*People v. Williams*, 2016 IL 118375,

9

¶ 15) and, if possible, should interpret a statute so that no part is rendered meaningless or superfluous (*People v. Warner*, 2022 IL App (1st) 210260, ¶ 13). If the statutory language is clear and unambiguous, it must be applied as written, without resorting to further aids of statutory construction. *People v. Dabbs*, 239 Ill. 2d 277, 287 (2010). A court may not depart from the plain language of the statute and read into it exceptions, limitations, or conditions that are not consistent with the express legislative intent. *Baskerville*, 2012 IL 111056, ¶ 18. However, if the language of a statute is ambiguous in that it is susceptible to more than one reasonable interpretation, a court may consider extrinsic aids to determine the meaning of the statutory language. See *Williams v. Illinois State Scholarship Comm'n*, 139 Ill. 2d 24, 51 (1990).

¶ 18        In the present case, after applying the above rules of statutory interpretation, we find that the AHC statute is clear and unambiguous and that it allows the State to use two or more drug offenses that occurred on separate days but were charged in the same bill of indictment and the same case to satisfy the predicate offense element of the statute. In reaching that conclusion, we adopt and apply the reasoning set forth by the First District Appellate Court in *People v. Patterson*, 2018 IL App (1st) 160610, ¶¶ 26-31.

¶ 19        In *Patterson*, the First District addressed an argument similar to the one presented by defendant in the present case regarding the proper interpretation of the predicate offense element of the AHC statute. See *id.* ¶¶ 13, 26, 30. The defendant in *Patterson* alleged in the context of a postconviction proceeding that the AHC statute was unconstitutionally vague as applied to him after he was convicted of being an AHC based upon two predicate drug offenses that had occurred about a month apart and that were, according to the defendant, part of the same series of drug transactions. *Id.* ¶¶ 6, 11, 13, 25-26. One of the offenses occurred in July 2008, and the other occurred in August 2008. *Id.* ¶ 6. The two predicate drug offenses were charged on the same day

10

but in separate cases. *Id.* The defendant pled guilty to both offenses at the same time, was convicted and sentenced on both offenses on the same date (the same date that the defendant's pleas of guilty were entered), and received concurrent terms of imprisonment for the two offenses. *Id.* The defendant argued that his two prior drug convictions could not be used to satisfy the two or more times predicate offense element of the AHC statute because the convictions for both prior offenses were entered on the same day, based upon plea agreements that were reached at the same time, and, thus, constituted being convicted of a predicate offense only a single time for the purpose of the AHC statute. *Id.* ¶ 26. The defendant also argued that an interpretation of the AHC statute to the contrary would be inconsistent with the purpose of the recidivist provisions of the Code of Corrections (730 ILCS 5/5-4.5-95(a)(4), (b), 5-5-3.2(b)(1) (West 2010)) to impose harsher sentences on offenders who had shown their resistance to correction by being convicted of a subsequent offense after serving a term of imprisonment for a previous conviction. *Patterson*, 2018 IL App (1st) 160610, ¶ 30. The appellate court rejected the defendant's arguments, noting that the plain language of the AHC statute (1) did not contain the term "entered" and did not require that a defendant's predicate offense convictions be entered on separate days; (2) required only that the defendant had been convicted of an enumerated predicate offense two or more times; and (3) did not contain any limiting language requiring the sequential or separate entry of the predicate offense convictions. *Id.* ¶¶ 28-31. In addition, because the legislature had included the limiting language regarding sequential and separate convictions in the recidivist provisions of the Code of Corrections but had not included any similar language in the AHC statute, the appellate court concluded that the legislature had intentionally refrained from imposing such a requirement in the AHC statute. *Id.* ¶ 31.

¶ 20     We believe that the *Patterson* court's reasoning applies equally well in the present case. As to the predicate offense element of the AHC statute and the specific issue raised in this appeal, the plain language of the AHC statute is clear and unambiguous. The statute requires only that the defendant be "convicted a total of 2 or more times" of an enumerated offense. See 720 ILCS 5/24-1.7(a) (West 2022); *Patterson*, 2018 IL App (1st) 160610, ¶ 28. In the instant defendant's prior case, although the plea and sentencing hearings took place on the same date, defendant entered separate pleas of guilty to each of the four offenses and received a separate sentence for each offense. There can be no dispute, therefore, that each of the offenses from the prior case was a conviction for the purpose of the AHC statute. See 720 ILCS 5/2-5 (West 2022) (defining the term "[c]onviction" as meaning "a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury"); *Patterson*, 2018 IL App (1st) 160610, ¶¶ 28-29; *People v. Miller*, 238 Ill. 2d 161, 165 (2010) (recognizing that under the one-act, one-crime rule, multiple convictions may be entered where more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses). The AHC statute contains no limiting language that would require that a defendant's predicate offenses be charged in separate cases or occur in sequential order. See *Patterson*, 2018 IL App (1st) 160610, ¶¶ 28-31. Because the statutory language of the AHC statute is clear and unambiguous, it must be enforced as written. See *Dabbs*, 239 Ill. 2d at 287. We cannot read into the AHC statute additional exceptions, limitations, or conditions that the legislature did not express. See *Baskerville*, 2012 IL 111056, ¶ 18.

¶ 21     However, even if we were to find that the statutory language of the AHC statute is ambiguous as to the predicate offense element, we would still have to conclude that the statute

12

does not require that a defendant's predicate offenses occur separately or sequentially. As the State correctly notes, the legislature knows how to statutorily impose a separate or sequential occurrence requirement and did not do so with regard to the predicate offense element of the AHC statute. Indeed, such a requirement was mandated by the legislature in the recidivist provisions of the Code of Corrections. See 730 ILCS 5/5-4.5-95(a)(4), (b), 5-5-3.2(b)(1) (West 2022). Based upon the lack of any such language in the AHC statute, we would have also concluded in this case that the legislature intended for there to be no requirement that a defendant's predicate offenses occur separately or sequentially for the purpose of an AHC charge, even if we had initially determined that the AHC statute is ambiguous. See *Patterson*, 2018 IL App (1st) 160610, ¶¶ 28-31.

¶ 22            Contrary to defendant's assertion on appeal, we are not persuaded that the United States Supreme Court's decision in *Wooden v. United States*, 595 U.S. 360, 366-76 (2022), mandates that we reach a different result in this case. In *Wooden*, the United States Supreme Court held that a defendant who had burglarized 10 storage lockers, one right after the other, at the same storage facility on the same night had committed the predicate offense of burglary on only a single "occasion" for the purpose of the Armed Career Criminal Act of 1984 (18 U.S.C § 924(e)(1) (2012)). *Wooden*, 595 U.S. at 376. In reaching that conclusion, the Supreme Court indicated, however, that it likely would have reached the opposite result if the burglaries at issue had been committed on separate dates (*id.* at 370), which is the exact factual situation that is before this court in the present case regarding the four prior drug offenses. We do not believe, therefore, that the four prior drug offenses should be treated as defendant having been convicted only a single time of a predicate offense for the purpose of the AHC statute, even when the analysis set forth in *Wooden* is applied to the facts of the present case.

¶ 23     Furthermore, we are mindful of the trial court's concerns about whether the drug charges in the prior case were properly joined in a single prosecution, whether an interpretation of the statute as we have reached in the present case would essentially deprive a defendant of fair notice that the defendant's convictions in a single case could expose the defendant to an AHC charge in a future case, and whether the legislature could have drafted the AHC statute differently so as to target recidivist defendants more effectively. However, those concerns are, for the most part,[3] more appropriately addressed by the legislature and are well beyond the task of determining whether an AHC charge properly states an offense. In our view, the plain language of the AHC statute requires a trial court to purely determine whether a defendant has two or more convictions of an enumerated offense in evaluating whether the predicate offense element of the AHC statute has been satisfied for the purpose of resolving a pretrial motion to dismiss an AHC charge. See *Patterson*, 2018 IL App (1st) 160610, ¶ 28.

¶ 24                                III. CONCLUSION

¶ 25     For the foregoing reasons, we reverse the judgment of the circuit court of Will County and remand this case for further proceedings.

¶ 26     Reversed and remanded.

---

[3]Any issues regarding the State charging the four prior drug offenses in a single case would have undoubtedly been litigated in full and resolved at the hearing on the motion to sever that defendant had filed in the prior case. A hearing was never held on the motion, however, because defendant pled guilty prior thereto.

*People v. Harris*, 2024 IL App (3d) 230406

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 22-CF-372; the Hon. Kenneth L. Zelazo, Judge, presiding. |
| **Attorneys for Appellant:** | James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Thomas D. Arado, and Korin I. Navarro, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| **Attorneys for Appellee:** | James E. Chadd, Santiago A. Durango, and Steven Varel, of State Appellate Defender's Office, of Ottawa, for appellant. |